■ BENJAMIN ELECTRICAL ENGINEERING WORKS, INC., Respondent, v RAMPART CONSTRUCTION ASSOCIATES, INC., et al., Appellants.—Appeal from an order of the Supreme Court, New York County (Harold Baer, Jr., J.), entered on January 24, 1991, deemed an appeal from a judgment of the same court and same Justice, entered on February 4, 1991, which granted summary judgment in favor of plaintiff Benjamin Electrical Engineering Works, Inc. ("Benjamin") in the sum of $117,500, with interest, costs and disbursements, and said judgment is unanimously affirmed, with costs. The appeal from the January 24, 1991 order is dismissed as superceded by the final judgment.

As defendants concede, a stipulation made in open court is the equivalent of a contract whose provisions are binding and enforceable, and whose construction is governed by the same rules as would apply to any contract *(Spector v Sovereign Constr. Co.,* 45 AD2d 673). Further, where the intention of the parties is determinable by construction of the parties' written agreement, the question is one of law, and therefore appropriately determined on a motion for summary judgment *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285). Here, in accordance with the express provisions of paragraph 5 (a) and (b) of the Stipulation of Settlement, upon defendant Rampart's failure to timely cure the payment default, the entire amount owed to plaintiff Benjamin of $137,500, consisting of eleven monthly installments of $12,500 due September 1, 1990 through March 1, 1991, together with interest and an additional $30,000 in liquidated damages, became immediately due and payable to plaintiff Benjamin.

Contrary to defendants' assertions, their payment obligations under the Stipulations of Settlement were not in any

way conditioned upon plaintiff Benjamin's cooperation in supplying information to the United States General Services Administration in connection with services rendered by defendant Rampart on an unrelated federal office building project *(Braten v Bankers Trust Co.,* 60 NY2d 155, *rearg denied* 61 NY2d 670).

We have reviewed the defendants' remaining contentions, and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger, Ross and Smith, JJ.