■ JULIA WOJTAS et al., Appellants, v. FIFTH AVENUE COACH CORPORATION et al., Respondents.— In a negligence action by a wife and her husband to recover damages for personal injury, medical expenses and loss of services, brought against the defendants Fifth Avenue Coach Corporation and Charles Williams, the driver of one of its buses, in which the plaintiff wife was a passenger, the plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered October 16, 1963 after trial upon a jury's verdict in favor of defendants, dismissing the complaint on the merits. Judgment affirmed, without costs. The plaintiffs' sole contention on this appeal is that the Trial Justice committed prejudicial error in permitting defendants' trial counsel to read into evidence the pretrial deposition of the defendant bus driver (taken by the plaintiffs), although plaintiffs had not offered any part thereof at the trial (CPLR 3117, subd. [a], par. 2). It was in effect conceded by plaintiffs' counsel that, at the time of the trial and as a consequence of a coronary thrombosis, Williams (the bus driver) was considered by his physician to be sick and unable to testify; and the Trial Justice so found. In our opinion, the statute (CPLR 3117, subd. [a], par. 2) has made inapplicable those cases arising under the former Civil Practice Act which permitted a party to read in part or in whole his own pretrial deposition when the party at whose instance it was taken has refused to do so. We hold that, under the statute as it now reads, the party-deponent himself may not so use the deposition. CPLR 3117 (subd. [a], par. 2) provides that the deposition of a party may be used only "by any adversely interested party" *against* the deponent. Under the CPLR, therefore, by legislative choice, only an adverse party may use a deposition in the first instance; and the deposition of a party-deponent may not be read in evidence by his own counsel without calling the deponent to the stand, *unless* the court finds that at least one of the conditions set out in the five subparagraphs of the third paragraph of subdivision (a) of the rule (CPLR 3117) exists at the time of trial (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3117.04, pp. 31-167–31-168). The reference in CPLR 3117 (subd. [a], par. 3) that the deposition of "any person" may be used, as therein indicated, is to be construed as meaning any person — "whether or not a party" (3 Weinstein-Korn-Miller, par. 3117.06, p. 31-168). Since at bar there was a finding by the Trial Justice that the illness of the defendant Williams precluded his attendance at the trial, the procedural requisite for reading his deposition by defendants' trial counsel was established (CPLR 3117, subd. [a], par. 3, cl. [iii]). Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.