■  In the Matter of the Estate of LOUISE A. SCHAICH, Deceased. PATRICK BEARY, Appellant; MARGARET VERBEL et al., Respondents.—In an accounting proceeding, petitioner appeals from (1) an order of the Surrogate's Court, Queens County, dated May 27, 1975, which directed him, as executor, to execute and deliver deeds conveying certain parcels of real property to respondents and (2) an order of the same court, dated June 11, 1975, which denied his motion to set aside the decision after trial, which decision, *inter alia,* stated that the attorney's fee would be fixed at the amount of $7,000, less certain surcharges. Orders affirmed, without costs or disbursements. The Surrogate should have allowed into evidence the testimony given by respondent Margaret Verbel at the examination before trial. She was a party to the proceeding, and, as such, her deposition may be used for *any purpose* by an adverse party (CPLR 3117, subd [a], par 2; *Wojtas v Fifth Ave. Coach Corp.,* 23 AD2d 685). However, there is no indication that any of the proffered evidence would have added anything to the Surrogate's ability to evaluate the value of appellant's services. Thus, the error was not prejudicial. Although it appears that no order fixing the attorney's fee has been entered, we have nevertheless reviewed the propriety of the fee of $7,000 upon our review of the order of June 11, 1975. The record reveals that in setting the attorney's fee, the Surrogate considered all of the relevant factors: the difficulty of the questions involved; the skill required to handle the problem; the time and labor required; the lawyer's experience, ability and reputation; the customary fee charged by the Bar for similar services; and the amount involved (see *Matter of Freeman,* 34 NY2d 1). He was not obligated to accept appellant's assertion that he had spent 1,000 hours working on this case at face value, especially in view of the fact that there existed no written day-by-day record of the time spent. There were no independent factors (outside of appellant's own testimony) to support the requested fee (see *Matter of Mann,* 41 AD2d 861). The cutting of the requested fee was a proper exercise of discretion and well within the mandate of SCPA 2110, which decrees that it is ultimately the court's responsibility to decide what constitutes reasonable compensation (see *Matter of Brehm,* 37 AD2d 95). Moreover, there is no merit to appellant's contention that the fact no guardian ad litem was appointed for respondent Schwenk, who was imprisoned at the time (see SCPA 402, subd 2; 103, subd 37, par [e]), rendered the proceeding jurisdictionally defective. The reinforcement of this argument, with the assertion that the power of attorney

granted to Mr. Schwenk's lawyer before his confinement was not recorded in the office of the Surrogate's Court in contravention of EPTL 13-2.3, is similarly unpersuasive. There is no evidence that Mr. Schwenk would have appeared in person at the hearing had he not been in prison at the time. Moreover, the Surrogate did make some inquiry as to those facts and circumstances which may have affected the validity of the power of attorney (see *Matter of Mitzkel,* 36 Misc 2d 671; 28 Carmody Wait 2d, NY Prac, 169:176). Furthermore, the court is authorized to determine the compensation of an attorney upon the application of "a person interested" in the proceeding (SCPA 2110, subd 2). There is no question as to the validity of Mrs. Verbel's application. Thus, even assuming, *arguendo,* that Mr. Schwenk was not properly before the court, the proceeding was still not jurisdictionally defective. The petition for an accounting and the objections to it are pleadings similar to a complaint and an answer; they define the issues and limit the relief. A surcharge may not be predicated upon a ground neither alleged nor proved (see *Matter of Spade,* 28 AD2d 552). The surcharges objected to by the appellant relate to expenses incurred in the period between the filing of the accounting petition and the hearing. Had appellant not petitioned to be reimbursed for those expenses, the court would have been precluded from imposing a surcharge in regard to the matter; however, once appellant opened the door to this line of inquiry, he could not close it to the legitimate objections of the respondents. In view of the above, the Surrogate properly evaluated the validity of these expenditures. The surcharge of $1,931.06 imposed with regard to the Federal penalty and interest charge will be eliminated in accordance with the Surrogate's decree if, as appellant asserts, the charge has since been wiped out. There is no merit to appellant's contention that the surchargee imposed in connection with the interest and penalties incurred because of the late filing of the New York State estate tax should be eliminated. Finally, appellant's claim that he should have been awarded commissions, as executor, on the transfer of the properties to respondents and for the collection of rents, does not withstand scrutiny. No commissions are payable on real property unless the fiduciary sells the property (SCPA 2307, subd 2; Lipman, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 2307, p 368); and, under the circumstances, the Surrogate was within his discretion in directing that the property be distributed in kind (see SCPA 2216; Lipman, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 2216, p 243). Furthermore, the display of complete indifference by an executor to the execution of his duties may result in a denial of commissions ordinarily reserved for those who have done a satisfactory job (see *Matter of Israel,* 64 Misc 2d 1035, 1043). Hopkins, Acting P. J., Cohalan, Shapiro and Suozzi, JJ., concur.