■ In the Matter of DAVID J. LEVY, as Committee of the Person and Property of SADIE S. BERNHEIMER, an Incompetent, et al., Appellants. LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, et al., Respondents.—Order of the Supreme Court, New York County, entered June 22, 1977, settling the final account of petitioner as committee of the person and property of Sadie S. Bernheimer following her death, which limited the requested legal fee of $23,250 to $15,250, unanimously affirmed, without costs or disbursements. Although there was consent of the corporate coexecutor and no objection filed by any charitable beneficiary under decedent's will or the Attorney-General to the requested legal fee of $23,250, Special Term reduced it by $8,000. We note that in addition to said legal fee allowed to petitioner's law firm for legal services principally rendered by him, petitioner received the sum of $16,332.75, as commission for his services as committee of the property of decedent. Where a court is considering the appropriate fee for a fiduciary, namely, a "committee", and the fiduciary also provided legal services for which an additional claim is made, a court *sua sponte* may reduce the requested compensation. SCPA 2307 (subd 1) provides that in awarding compensation to a fiduciary who has "rendered legal services in connection with his official duties" the court acting on the settlement of the fiduciary's account may award him "such compensation for his legal services as appear to the court to be just and reasonable". This statute provides guidance to proceedings in the Supreme Court where, as here, a final accounting is being rendered in the estate of an incompetent, now deceased. In determining the reasonableness of an attorney's claim for services, the court "should consider the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel and the results obtained." *(Matter of Potts,* 213 App Div 59, 62, affd 241 NY 593.) Special Term had the obligation to consider the reasonableness of the fee requested and to render an appropriate determination. The services rendered by petitioner included qualification of the committee and assembling the property, power of attorney accounting, five statutory annual accounts, filing income tax returns for seven years, investigation of the incompetent's interest in the estate of her sister, and finally, termination, distribution and accounting of the committee. None of these services involved exceptional or difficult problems; indeed, in marshaling the assets the services rendered were ministerial, without significant legal question involved. Thus, the work performed with regard to marshaling assets could not be considered in an application for legal services and were properly disregarded by the court below *(Matter of Schmitt,* 65 Misc 2d 1021). The affidavit of services presented to Special Term thoroughly discussed the services performed; however, unlike petitioner's brief on appeal, there was

no categorical breakdown of the services with a corresponding fee; instead the affidavit merely stated the services and ended with a conclusory statement by petitioner that their value was "not less then $23,250." Special Term was not bound by that assessment. As long as the determination of compensation is not arbitrary or unreasonable, such discretion is controlling (*Matter of Freeman,* 40 AD2d 397, 398, affd 34 NY2d 1; see, also, *Matter of Brehm,* 37 AD2d 95, 97). Although no hearing was held on the reasonableness of the fee requested and no opinion was filed by Special Term, we cannot say in our review of the record that the determination of Special Term as to the compensation for the legal services was arbitrary or unreasonable. Accordingly, there is no basis to disturb the exercise of Special Term's discretion. Concur—Birns, J. P., Evans, Lane and Sullivan, JJ.