■ In the Matter of the Estate of MILTON J. URY, Deceased. CAROLYN WOLK Appellant-Respondent; SIDNEY HOLTZMAN, Respondent-Appellant. — In a proceeding, inter alia, to fix the compensation of Sidney Holtzman, former attorney for the estate of Milton Ury, deceased, and to surcharge Holtzman for losses incurred by the estate, petitioner appeals, as limited by her brief, from so much of a decree of the Surrogate's Court, Kings County (Bloom, S.), dated June 6, 1983, as, after a hearing, fixed Holtzman's fee in the sum of $13,000 and denied petitioner's request to surcharge him, and Holtzman cross-appeals from so much of the same decree as fixed his fee in the sum of only $13,000 and ordered that the services rendered to the estate by attorney Solomon Nachbar, valued at $1,750, were included in the attorney's fee awarded to Holtzman.

Decree affirmed, insofar as appealed and cross-appealed from, without costs or disbursements.

Although the Surrogate's Court decision does not reveal on what basis the court computed the $13,000 award of counsel fees, the record is sufficient for this court to determine whether such sum was reasonable see, Kyle v Kyle, 94 AD2d 866, 866-867, lv denied 60 NY2d 557; Matter of Bernheimer, 61 AD2d 761, 762, lv denied 45 NY2d 710; Jordan v Freeman, 40 AD2d 656, 656-657).

In determining the reasonable value of an attorney's services, the following factors should be considered: "the difficulty of the questions involved; the skill required to handle the problem; the time and labor required; the lawyer's experience, ability and reputation; the customary fee charged by the Bar for similar services; and the amount involved" (*Matter of Schaich,* 55 AD2d 914, *lv denied* 42 NY2d 802; *see, Matter of Freeman,* 40 AD2d 397, *affd* 34 NY2d 1, 9; *Matter of Potts,* 213 App Div 59, 62, *affd* 241 NY 593).

The instant record does not include a categorical breakdown of the services with a corresponding fee, but merely evidence of services rendered by Sidney Holtzman, none of which involved particularly exceptional or difficult problems, and conclusory statements that such services were worth $30,000. "The cutting of the [claimed] fee was a proper exercise of discretion and well within the mandate of SCPA 2110, which decrees that it is ultimately the court's responsibility to decide what constitutes reasonable compensation (see *Matter of Brehm,* 37 AD2d 95)" (*Matter of Schaich, supra; see, Matter of Freeman, supra,* p 398).

We have considered the other contentions raised upon the appeal and cross appeal and find them to be without merit. Mollen, P. J., Titone, Thompson and Bracken, JJ., concur.