■ In the Matter of the Estate of AUGUSTA C. VON HOFE, Deceased. VINCENT L. PITARO, Appellant; ROBERT ABRAMS, Respondent.—In a proceeding to settle the account of a coexecutor, the coexecutor appeals from so much of a decree of the Surrogate's Court, Queens County (Laurino, S.), dated May 21, 1987, as fixed his legal compensation in the amount of $10,000.

Ordered that the decree is affirmed insofar as appealed from, with costs.

The appellant served as a coexecutor of the estate of Augusta Carola Von Hofe and in addition rendered legal services to the estate. In the accounting the appellant requested a legal fee in the sum of $20,000 and a statutory commission for each of the three coexecutors in the sum of $25,610.97. The Attorney-General filed an objection only as to the reasonableness of the requested legal fee. The Surrogate limited the legal fee to $10,000. In addition to the legal fee allowed, the appellant was awarded the sum of $25,610.97 as commission for his services as coexecutor of the estate. This appeal challenges the reduction of the requested legal fee.

The statutory law of New York permits a fiduciary who renders legal services in connection with his official duties to be compensated for such legal services in addition to receiving his commission for services as a fiduciary (SCPA 2307). However, the court may only award the attorney/fiduciary "such compensation for his legal services as appear to the court to be just and reasonable" (SCPA 2307 [1]; *see also,* SCPA 2110). The reasonableness of the attorney's claim for services should be determined by reference to the following factors: "time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; the lawyer's experience, ability and reputation; the amount involved and benefit resulting to the client from the services; the customary fee charged by the Bar for similar services; the contingency or certainty of compensation; the results obtained; and the responsibility involved" *(Matter of Freeman,* 34 NY2d 1, 9; *see, Matter of Ury,* 108 AD2d 816, *lv denied* 64 NY2d 611; *Matter of Potts,* 213 App Div 59, 62, *affd* 241 NY 593).

The appellant's affidavit of services was insufficient on its face to support the legal fee requested. The affidavit set forth the nature of the services performed but failed to include a contemporaneous time record, a fee corresponding to the time expended, the appellant's usual rate of compensation or how that usual rate compared to the customary fee charged by his fellow attorneys for similar services; rather, the appellant simply concluded that a legal fee in the amount of $20,000 was warranted. The services rendered by the appellant to the estate may be considered routine in the winding up of the estate. Furthermore, some of the services were in the nature of executorial services and may not properly be considered in the setting of the legal fee *(see, Matter of Bernheimer,* 61 AD2d 761, *lv denied* 45 NY2d 710). In sum, review of all of the circumstances demonstrates that the Surrogate's determination as to the amount of legal fee warranted was neither

arbitrary nor capricious and, thus, was a proper exercise of discretion *(see, Matter of Bernheimer, supra; see also, Matter of Ury, supra; Matter of Schaich,* 55 AD2d 914, *lv denied* 42 NY2d 802).

In reaching this conclusion, we are mindful of this court's recent rulings in *Matter of Berger* (141 AD2d 639) and *Matter of Rees* (141 AD2d 649) wherein separate matters concerning the propriety of an attorney/executor's award of legal fees were respectively remitted to the Surrogate's Court for a hearing to distinguish between which services performed by the attorney/executor were legal and which were executory, and to make findings of fact in accordance with the criteria set forth in *Matter of Freeman (supra).* The record before us is sufficient to review the propriety of the Surrogate's exercise of discretion and fully supports the Surrogate's decision which recited the *Freeman* factors as the basis therefor. Accordingly, unlike the *Berger* and *Rees* matters, there is no need for a hearing.

As a final note, the receipt and release executed by each of the seven charitable beneficiaries by which the account of the estate was settled did not compel the fixing of legal compensation in the amount requested. The Surrogate bears the ultimate responsibility to decide what constitutes reasonable compensation *(see, Matter of Ury, supra; Matter of Schaich, supra; see also, Matter of Stalbe,* 130 Misc 2d 725). Thompson, J. P., Kunzeman, Eiber and Sullivan, JJ., concur.