■ In the Matter of the Estate of FRANCINA R. VERPLANCK, Also Known as FRANCINA VERPLANCK, Deceased. PERCY INGERMAN, as Executor, Appellant.—In an accounting proceeding pursuant to SCPA 2110, the petitioner appeals from so much of a decree of the Surrogate's Court, Suffolk County (Signorelli, S.), dated October 7, 1988, as amended April 5, 1989, as fixed compensation for legal services at $8,000.

Ordered that the decree, as amended, is affirmed insofar as appealed from, without costs or disbursements.

It is by now well settled that the Surrogate bears the ultimate responsibility to decide what constitutes reasonable legal compensation (see, Matter of Von Hofe, 145 AD2d 424; Matter of Ury, 108 AD2d 816; Matter of Schaich, 55 AD2d 914). This is so regardless of the existence of a retainer agreement (see, Matter of Lanyi, 147 AD2d 644), or whether all the interested parties have consented to the amount of fees requested (see, Matter of Von Hofe, supra; Matter of Zorek, 131 AD2d 580; Matter of Hertz, 128 AD2d 780).

Moreover, the Surrogate's exercise of this authority at bar was not improvident. The attorney did not submit a time record contemporaneous with his affidavit of services rendered, and admitted that the amount of hours allegedly spent in rendering legal services to the estate was merely an estimate (see, Matter of Lanyi, 147 AD2d 644, supra; Matter of Schaich, 55 AD2d 914, supra). Additionally, as the Surrogate noted, with the exception of the sale of certain real property, the services rendered to this estate were routine (see, Matter of Ury, 108 AD2d 816, supra). Many of the services rendered

were executorial in nature and thus may not properly be considered in the setting of legal fees *(see, Matter of Von Hofe,* 145 AD2d 424, *supra; Matter of Hertz,* 128 AD2d 780, *supra).* Thus, the Surrogate's determination was a proper exercise of his discretion. Brown, J. P., Kunzeman, Eiber and Kooper, JJ., concur.