In the Matter of HORACE G. JONES, JR., Deceased. PHILIP B. MATTHEWS, Appellant.—In an accounting proceeding pursuant to SCPA 2208, the petitioner appeals from so much of a decree of the Surrogate's Court, Suffolk County (Signorelli, S.), dated July 6, 1989, as fixed his compensation for legal services at $4,500, directed that the balance of the funds remaining in the petitioner's hands be distributed solely to the decedent's

legatees and struck out the word "or their assigns" from the sixth decretal paragraph of the proposed decree.

Ordered that the decree is modified, as a matter of discretion, by deleting the sixth decretal paragraph thereof and substituting therefor a provision directing that the balance of funds remaining in the hands of the executor be paid and distributed to the respective legatees named in the last will and testament of Horace G. Jones, Jr., and to the residuary distributees or their assignees, in proportion to their respective designated shares; as so modified, the decree is affirmed, without costs or disbursements.

The Surrogate did not improvidently exercise his discretion in fixing the amount of compensation to which the petitioner was entitled for legal services to the estate (see, Matter of Verplanck, 151 AD2d 767; Matter of Von Hofe, 145 AD2d 424; see also, Matter of Wolf, 147 AD2d 487). In this regard, we note that the legal services rendered by the petitioner to this estate were largely routine (see, Matter of Ury, 108 AD2d 816), and that many of the services rendered constituted functions of an executor and thus could not properly be considered in the setting of the legal fee (see, Matter of Verplanck, supra; Matter of Von Hofe, supra; Matter of Bernheimer, 61 AD2d 761).

However, in view of the fact that the decedent's sisters formally assigned their interest as distributees of the 5% residue of the decedent's estate to a nonprofit child care organization, the appellant's request to modify the decree to permit distribution of the balance of the estate directly to the assignee is granted. Thompson, J. P., Brown, Kunzeman and Eiber, JJ., concur.