■ In the Matter of FRANCIS J. PHELAN, JR., Deceased. MICHAEL J. FERLISI et al., Appellants.—In an accounting proceeding, the petitioners appeal from an order of the Surrogate's Court, Queens County (Laurino, S.), dated December 5, 1989, which limited compensation for legal services to $40,000, and charged an additional $6,000 against executor's commissions.

Ordered that the order is affirmed, without costs or disbursements.

Although the appellant attorney was not simultaneously acting as a fiduciary to the estate he represented, the Surrogate did not exceed his statutory authority in ordering the executor to file an account and in reviewing the appellant attorney's requested $95,000 counsel fee *(cf.,* SCPA 2307). As we have recently observed, "[i]t is by now well settled that the Surrogate bears the ultimate responsibility to decide what constitutes reasonable legal compensation" *(Matter of Verplanck,* 151 AD2d 767). We have further held that, "[t]his is so regardless of the existence of a retainer agreement * * * or whether all interested parties have consented to the amount of fees requested" *(Matter of Verplanck, supra,* at 767; *see also, Matter of Jones,* 168 AD2d 448; *Matter of Victory,* 156 AD2d

697; *Matter of Von Hofe,* 145 AD2d 424; 4 Warren's Heaton, Surrogates' Courts § 345, ¶ 1; 10 Cox-Arenson-Medina, NY Civ Prac, SCPA 2110.05). Significantly, the Surrogate's broad authority to inquire into the reasonableness of a requested counsel fee is not limited to circumstances in which the attorney in question also acts as a fiduciary *(see,* SCPA 2307; *Matter of Stalbe,* 130 Misc 2d 725: *see also,* SCPA 2110; *Matter of Verplanck, supra).* We note that pursuant to SCPA 2205, the Surrogate's Court may "at any time" and on its "own initiative" require a fiduciary to file an account "in such manner as directed by it" (SCPA 2205 [1]). Accordingly, the Surrogate did not exceed his powers in requiring an account and in reviewing the reasonableness of the counsel fee requested by the appellant attorney.

Nor was the reduction of the appellant attorney's fee improper. As this court has noted, the power to cut a requested fee is within the court's responsibility to decide what constitutes reasonable compensation *(see,* SCPA 2110; *Matter of Lanyi,* 147 AD2d 644, 647, quoting *Matter of Schaich,* 55 AD2d 914). Additionally, this court has approved the reduction of a requested fee where it appears that executorial services were performed by an attorney and included as a part of the fee submitted *(see, Matter of Verplanck, supra; Matter of Von Hofe, supra).* We have also repeatedly emphasized the significance of contemporaneously-maintained time records as a component of an attorneys' affirmation of legal services, and have given little weight to "after the fact" estimations of time expended *(see, Matter of Verplanck, supra; Matter of Von Hofe, supra; Matter of Schaich, supra).* Here, the appellant's affirmation contains a series of largely generalized descriptions of the legal services rendered and contains no contemporaneously recorded time charges for the work alleged to have been performed. The Surrogate "was not obligated to accept appellant [attorney's] assertion that he had spent 1,000 hours working on this case at face value, especially in view of the fact that there existed no written day-to-day record of the time spent" *(Matter of Schaich, supra,* at 914). Under the circumstances, and considering all the relevant factors, we conclude that the Surrogate's reduction of the appellant attorney's fee did not constitute an improvident exercise of discretion *(see, Matter of Potts,* 213 App Div 59, 62, *affd* 241 NY 593; *Matter of Lanyi, supra).* The Surrogate properly determined that certain of the services rendered were executorial in nature and not subject to recovery as part of a requested counsel fee but, rather, were chargeable against the executor's

commissions *(see, Matter of Verplanck, supra; Matter of Von Hofe, supra).*

We have reviewed the appellants' remaining contentions and find them to be without merit. Kooper, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.