■ In the Matter of the Estate of ELIZABETH KELLY, Deceased. ARTHUR D. ZINBERG, Appellant; SUSAN F. BLOOM, as Guardian ad Litem for JULIE MALAVE, Respondent.—In a proceeding to judicially settle an account of the estate of Elizabeth Kelly, the attorney for the estate appeals, as limited by his brief, from so much of a decree of the Surrogate's Court, Queens County (Laurino, S.), dated June 13, 1990, as fixed his legal fee at $10,500.

Ordered that the decree is affirmed insofar as appealed from, with costs payable by the appellant personally.

It is well settled that " 'the Surrogate bears the ultimate responsibility to decide what constitutes reasonable legal compensation' " *(Matter of Phelan,* 173 AD2d 621; *Matter of Verplanck,* 151 AD2d 767; SCPA 2110). Moreover, " '[t]his is so regardless of the existence of a retainer agreement * * * or whether all interested parties have consented to the amount of fees requested' " *(Matter of Phelan, supra,* at 621; *Matter of Verplanck, supra,* at 767; *see also, Matter of Jones,* 168 AD2d 448; *Matter of Victory,* 156 AD2d 697). We have repeatedly emphasized the importance of contemporaneously-maintained time records as a key component of an attorney's affirmation of legal services *(Matter of Phelan,* 173 AD2d 621, *supra)*.

Contrary to the appellant's contentions, we conclude that the Surrogate permissibly exercised his broad authority to reduce a requested attorney's fee *(Matter of Phelan, supra)*. In support of his application before the Surrogate, the appellant attorney submitted, among other things, over 80 pages of cryptic, often illegible, handwritten diary entries which fail to comprehensibly document the appellant's entitlement to the requested fee *(cf., Matter of Phelan,* 173 AD2d 621, *supra; Matter of Schaich,* 55 AD2d 914). Under these circumstances, the Surrogate was not obligated to accept at face value the appellant's summary of the hours he expended and the Surrogate permissibly exercised his authority to independently review the record in order to arrive at a reasonable fee *(Matter of Schaich, supra)*. Moreover, while the Surrogate's decree does not provide a detailed description of precisely how the fee reduction was arrived at, the Surrogate conducted a full hearing during which he made detailed inquiries into the propriety of the appellant's time charges and placed on the record his reasons for concluding that certain time charges were unwarranted. We cannot say, upon a review of the hearing transcript and the other materials contained in the record, that the Surrogate's reductions were without support in the record, as the appellant now contends.

We have reviewed the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.