■ In the Matter of the Estate of ESSYE BUCHTER, Deceased. In the Matter of the Estate of LOUIS KOCSIS, Deceased. In the Matter of the Estate of JOSEPH STREBEL, Deceased. JOHN J. CONNOLLY, Appellant.—Order, Surrogate's Court, New York County (Eve Preminger, S.), entered October 17, 1991, which

allocated attorneys' fees in the above captioned estates, and the order of the same court, entered November 1, 1991, which, *inter alia,* denied appellant John Connolly's motion to have the court recuse and disqualify itself, unanimously affirmed, with costs.

Pursuant to her statutorily defined duties, the Surrogate properly determined the compensation that was due appellant and Joseph Arenson, former counsel to the Public Administrator. Moreover, the Surrogate properly fixed the compensation for each attorney *(see, Matter of Schaich,* 55 AD2d 914). While Connolly asserts that evidence of an alleged "waiver" or "settlement" by Arenson with the Public Administrator should have been introduced into evidence, it is clear that even if such evidence exists, it is irrelevant to the Surrogate's determination of the allocation of fees between Arenson and Connolly with regard to the three estates at issue.

Connolly's contention that certain "ex parte" communications had by the Surrogate with the Public Administrator create the "appearance of impropriety" is without merit. These communications dealt with public administration business and were in the ordinary course of business.

Finally, the Surrogate had no personal knowledge of the disputed evidence at issue and thus, given the objective nature of the fee allocation hearing, she properly denied the motion for recusal *(see, People v Moreno,* 70 NY2d 403). We have considered all other claims and find them to be meritless. Concur—Carro, J. P., Sullivan, Milonas and Ellerin, JJ.