■ In the Matter of the Estate of PERCY GARSON, Deceased. LOWELL S. RAPPING, Appellant; PAUL GARSON, Respondent.[— NYS2d —] —In an accounting proceeding, the petitioner preliminary executor appeals from so much of a decree of the

Surrogate's Court, Westchester County (Brewster, S.), dated December 6, 1990, as limited compensation for legal services to $52,000 and provided that in the event that his attorney fails to refund $34,042.65 to the estate, the preliminary executor would be surcharged for that amount.

Ordered that the decree is affirmed insofar as appealed from, with costs payable personally by the preliminary executor.

Contrary to the appellant preliminary executor's contentions, we find that the Surrogate properly limited his recovery of legal fees incurred in connection with his administration of the estate to the amount specified in the stipulation entered into in open court. A stipulation made in open court is the equivalent of a contract with provisions that are binding and enforceable, and subject to the same rules of construction as would apply to any contract *(Benjamin Elec. Eng'g Contr. Works v Rampart Constr. Assocs.,* 173 AD2d 370). A party will be relieved from the consequences of a stipulation made during litigation "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident" *(Hallock v State of New York,* 64 NY2d 224, 230; *Newman v Holland,* 178 AD2d 866, 867). The appellant has made no such allegation here. Instead, the claim that the appellant's counsel did not intend for the settlement to cover all attorney's fees which might be incurred during the preliminary executor's administration of the estate, is directly contradicted by the transcript of the proceedings in Surrogate's Court.

Moreover, the Surrogate correctly determined that the counsel fees stipulated to in the open-court settlement between the parties were reasonable. As we have often observed, " '[i]t is by now well settled that the Surrogate bears the ultimate responsibility to decide what constitutes reasonable legal compensation' " *(Matter of Phelan,* 173 AD2d 621; *Matter of Verplanck,* 151 AD2d 767). We have further held that, "[t]his is so regardless of the existence of a retainer agreement * * * or whether all interested parties have consented to the amount of fees requested" *(Matter of Phelan, supra,* at 621; *Matter of Verplanck, supra,* at 767; *see also,* 4 Warren's Heaton, Surrogates' Courts, Attorney & Counsel Fees, § 345 [1]). Accordingly, the court possessed the authority to examine the reasonableness of the appellant's counsel fee request, regardless of the stipulation of settlement with respect to such fees.

We have reviewed the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Eiber and Pizzuto, JJ., concur.