■ In the Matter of the Estate of NICHOLAS BOBECK, Deceased. STANLEY R. BOBECK, SR., as Executor of NICHOLAS BOBECK, Deceased, et al., Appellants. [600 NYS2d 758] —In a proceeding to settle the account of Stanley R. Bobeck, Sr., as Executor of the Estate of Nicholas Bobeck, Stanley R. Bobeck, Sr., and J. Robert Annino appeal from an order of the Surrogate's Court, Suffolk County (Signorelli, S.), dated August 5, 1991, which reduced the attorneys' fee charged to the estate to $8,500. The appeal brings up for review a resettled order of the same court, dated April 8, 1992 *(see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated August 5,

1991, is dismissed, as that order was superseded by the resettled order; and it is further,

Ordered that the resettled order is affirmed; and it is further,

Ordered that the respondents Charitable Beneficiaries are awarded one bill of costs, payable by the appellants personally.

Nicholas Bobeck, a resident of Suffolk County, died on October 13, 1985, leaving an estate valued for estate tax purposes, at approximately $87,237. In 1989, the Executor filed his petition for a voluntary accounting in the Surrogate's Court. The Executor's account indicated that the sum of $24,302.71 had been paid to the appellant J. Robert Annino in attorneys' fees. Although no objections were raised to the accounting, the Surrogate reduced the attorneys' fees to $8,-500 and directed Annino to refund the difference to the estate.

Contrary to the appellants' arguments, the Surrogate had the authority to review the reasonableness of the attorneys' fees being charged to the estate. It is well established that "the Surrogate bears the ultimate responsibility to decide what constitutes reasonable legal compensation" and that "[t]his is so regardless of the existence of a retainer agreement * * * or whether all interested parties have consented to the amount of fees requested" (Matter of Verplanck, 151 AD2d 767; see also, Matter of Kelly, 187 AD2d 718; Matter of Phelan, 173 AD2d 621; Matter of Von Hofe, 145 AD2d 424). Moreover, contrary to the appellants' contentions, there is nothing in the language of the court rules (see, 22 NYCRR 207.45) or the statutes (see, SCPA 2110, 2307; EPTL 11-1.1 [b] [22]) which would restrict the Surrogate's inherent power to review the amount of attorneys' fees set forth in the accounting.

Furthermore, we find that the reduction of the fee to $8,500 was not an improvident exercise of discretion. Although there is no hard and fast rule by which it can be determined what is reasonable compensation for an attorney in any given case, a court may consider a number of factors including "the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained" (Matter of Potts, 213 App Div 59, 62, affd 241 NY 593; see also, Matter of Brehm, 37 AD2d 95, 97; Matter of Smolley, 188 AD2d 535). Moreover, a Surrogate is not obliged to accept at face value an attorney's summary of the hours expended (see, Matter of Kelly, supra). Here, the appel-

lant attorney claimed fees that totaled nearly 28% of the taxable estate in a case where the estate was small, uncomplicated and routine, and where probate was uncontested. Furthermore, many of the services claimed by the appellant were executorial in nature and not recoverable as part of an attorneys' fee *(see, Matter of Passuello,* 184 AD2d 108; *Matter of Phelan, supra)*. Finally, it appears that the appellant attorney unnecessarily protracted the final settlement of the estate by not filing a petition for a formal accounting sooner than he did. Sullivan, J. P., Balletta, Ritter and Santucci, JJ., concur.