■ In the Matter of the Estate of IOANNIS PAPADOGIANNIS, Also Known as JOHN PAPADOGIANNIS, Deceased. WIKLER, GOTTLIEB & HOWARD, Appellant; PETER PAPADOGIANNIS et al., Respondents. [602 NYS2d 68] —In a proceeding to fix an attorney's fee, the appellant Wikler, Gottlieb & Howard, the former attorney for the respondents co-administrators and the estate of the decedent Ioannis Papadogiannis, appeals from an order of the Surrogate's Court, Kings County (Bloom, S.), dated April 18, 1991, which fixed its fee, inclusive of disbursements, at $75,000.

Ordered that the order is affirmed, with costs payable by the appellant to the estate.

Beginning in December 1983 the appellant law firm represented Peter and Paul Papadogiannis in their effort to establish that they were the sons of the decedent Ioannis Papadogiannis and to secure their appointment as co-administrators of their father's estate. The sons had some documentary proof of their status, and the decedent's widow stipulated in September 1984 that they were the decedent's sons. While proceedings relating to the estate were pending in the Surrogate's Court, the widow died, and the sons were named co-adminis-

872

trators in April 1985. The appellant subsequently represented the estate for about seven months until the sons retained new counsel. The sons paid the appellant fees and disbursements of approximately $61,000 pursuant to a retainer agreement, which did not include services rendered to the estate, plus an additional $4,800 for services in connection with the sale of estate property. Thereafter they refused to pay any additional fees. In the instant proceeding, the appellant sought an additional fee of approximately $18,000, allegedly owed under the terms of the retainer agreement between the appellant and the respondents individually, and fees and disbursements of over $81,000 for services rendered to the estate.

The Surrogate bears the ultimate responsibility of deciding what constitutes reasonable legal compensation (see, Matter of Kelly, 187 AD2d 718; Matter of Phelan, 173 AD2d 621). This is so regardless of the existence of a retainer agreement (see, Matter of Phelan, supra; Matter of Verplanck, 151 AD2d 767). In determining what constitutes reasonable compensation, the court should "consider the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained" (Matter of Potts, 213 App Div 59, 62, affd 241 NY 593; Matter of Kinzler, 195 AD2d 464; Matter of Smolley, 188 AD2d 535; see also, Matter of Freeman, 34 NY2d 1, 9). The evaluation of reasonable counsel fees is a matter within the sound discretion of the Surrogate, who is in a superior position to judge factors such as the time, efforts and skill required and to review contemporaneous time records (see, Matter of Nicastro v Park, 186 AD2d 805).

Based on a review of the appellant's time records and the relevant facts, the Surrogate awarded the appellant fees and disbursements totaling $75,000 for services to the sons individually and to the estate, less the $65,912.33 previously paid by the sons. We find that the Surrogate did not improvidently exercise his discretion, and are satisfied that the appellant was awarded fair and reasonable compensation. Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.