■ In the Matter of the Estate of OLIVE P. MINGOIA, Deceased. JOSEPH L. FRITZ, Appellant. [623 NYS2d 113] —In a proceeding for an accounting, the attorney representing the estate appeals from an order of the Surrogate's Court, Suffolk County (Signorelli, S.), dated August 3, 1993, which directed him to reimburse the estate $7,910 for attorney's fees in excess of those allowed by the court and $1,700 for accountant's fees paid by the estate.

Ordered that the order is modified, on the facts, (1) by deleting from the first decretal paragraph thereof the sum $7,910 and substituting therefor the sum $1,500 and (2) by deleting therefrom the second decretal paragraph directing the appellant to reimburse the estate $1,700 for accountant's fees; as so modified, the order is affirmed, without costs or disbursements.

After reviewing the executor's final account and the appellant's request for legal fees, the Surrogate determined that the appellant's work in connection with the settlement of the estate of Olive Philomene Mingoia was essentially routine and included some services that were executorial in nature. Accordingly, the Surrogate directed the appellant to reimburse the estate $7,910 in excess legal fees and $1,700 for accountant's fees that had been paid by the estate.

While we agree with the Surrogate that some of the services performed by the appellant were executorial in nature and, thus, were not compensable in the form of a legal fee *(see generally, Matter of Bobeck,* 196 AD2d 496; *Matter of Passuello,* 184 AD2d 108; *Matter of Verplanck,* 151 AD2d 767; *Matter of Von Hofe,* 145 AD2d 424), our review of the record leads us to the conclusion that the appellant should reimburse the estate $1,500 rather than $7,910 for excess legal fees. Furthermore, under the circumstances of this case, the appellant did not act improperly by recommending the hiring of a certified public accountant to perform tax services, and he should not be required to reimburse the estate for the accountant's fees. Sullivan, J. P., Rosenblatt, Joy and Altman, JJ., concur.