■ In the Matter of VIVIAN STELLIS, Deceased. JOANNE LEYDEN et al., Respondents; STEPHAN B. GLEICH & ASSOCIATES, Appellant. [628 NYS2d 384] —In a proceeding to settle the account of Lisa Stellis-Mackey, as executrix of the estate of Vivian Stellis, Stephan B. Gleich & Associates appeals, on the ground of inadequacy, from so much of a decree of the Surrogate's Court, Kings County (Scholnick, S.), dated November 12, 1993, entered upon a decision of the same court (Bloom, S.), dated September 3, 1993, as awarded it only $38,500 in attorneys fees for services to the estate.

Ordered that the decree is affirmed insofar as appealed from, with costs to the respondents appearing separately and filing separate briefs payable by the nonparty-appellant.

It is well established that "the Surrogate bears the ultimate responsibility to decide what constitutes reasonable legal compensation" *(Matter of Verplanck,* 151 AD2d 767; *see also, Matter of Stortecky v Mazzone,* 85 NY2d 518; *Matter of Phelan,* 173 AD2d 621). The award of legal fees in the sum of $38,500 was not an improvident exercise of discretion. No hard and fast rule exists by which it can be determined what is reasonable compensation for an attorney in any given case *(see, Matter of Bobeck,* 196 AD2d 496). A court, however, may consider a number of factors including the time spent, the difficulties involved, the nature of the services, the amount involved, and the results obtained *(see, Matter of Bobeck, supra).* Moreover, a Surrogate is not bound by the attorney's summary of the hours expended working on legal matters *(see, Matter of Bobeck, supra).* Copertino, J. P., Santucci, Altman and Krausman, JJ., concur.