**3H ENTERPRISES, INC., Plaintiff,**

v.

**John MURRAY, Defendant.**

No. 96–CV–472.

United States District Court,
N.D. New York.

Feb. 19, 1998.

Jordan & Walster, Roxbury, NY, for plaintiff, Herbert Jordan, of counsel.

Office of Livingston Hatch, Keeseville, NY, for defendant, Livingston L. Hatch, of counsel.

## MEMORANDUM-DECISION & ORDER

McAVOY, Chief Judge.

In this diversity action, plaintiff brought suit against defendant for breach of contract. Plaintiff claimed that defendant, as seller of a pool of mortgages, had failed to provide plaintiff with necessary information to close the sale. The case was tried before a jury, which found defendant had breached.

The contract provided that should defendant breach, plaintiff would receive as damages a commission equal to 10% of what plaintiff would have earned had the sale been consummated, plus the cost and attorneys' fees of any legal action. The parties stipulated that the mortgage pool consisted of forty-two (42) mortgages on November 27, 1995, valued at $1,136,002.54. Accordingly, the Court computes defendant's liability pursuant to the contract at $113,602.05. *See Abady v. Interco Inc.*, 76 A.D.2d 466, 430 N.Y.S.2d 799, 808 (1st Dep't 1980). Plaintiff also is entitled to prejudgement interest calculated at the statutory rate of 9% per annum from November 27, 1995 to the date of entry of final judgment, which shall be calculated by the Clerk and included in the judgment. N.Y. Civ. Prac. L. §§ 5001, 5002 and 5003 (McKinney's 1992).

The sole issue remaining is the amount of attorneys' fees plaintiff may recover pursuant to the contract. The Court has instructed both parties to brief whether plaintiff's claimed attorneys' fees of 1/3 of the recovery are reasonable, which they have done.

According to plaintiff, because he entered into a 1/3 contingency fee arrangement with counsel, attorneys' fees of 1/3 of the plaintiff's recovery are reasonable.

It is well established that, under New York law, a contract provision that one party to a contract pay the other party's attorneys' fees in the event of breach is enforceable in an amount that is "reasonable." *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir.1987). The New York Court of Appeals, in *Equitable Lumber Corp. v. IPA Land Dev. Corp.*, 38 N.Y.2d 516, 381 N.Y.S.2d 459, 465, 344 N.E.2d 391 (1976), held that "while plaintiff may enter into any fee arrangement it wishes with counsel, it should not be permitted to manipulate the actual damage incurred by burdening the defendant with an exorbitant fee arrangement." The Court thus noted that "it may be necessary to look beyond the actual fee arrangement between plaintiff and counsel to determine whether that arrangement was

reasonable." *Id.* A court should ask "whether the fee arrangement is 'grossly disproportionate to the arrangement the plaintiff would have been expected to make with counsel in the absence of a fee-shifting agreement.'" *Diamond D Enterprises USA, Inc. v. Steinsvaag,* 979 F.2d 14, 20 (2d Cir.1992) ("*Diamond*") (quoting *F.H. Krear & Co.,* 810 F.2d at 1263); *see also In Time Products, Ltd. v. Toy Biz, Inc.,* 38 F.3d 660, 668 (2d Cir.1994) ("A district court's award of attorneys' fees pursuant to a contractual fee-shifting provision must be reasonably related to the fee arrangement that the prevailing party would have made with counsel absent a fee-shifting agreement."). In *Krear,* for instance, the Court found attorneys' fees calculated by hourly billing to be unreasonable "in light of the one-third contingent fee arrangement this plaintiff in fact made with [its attorneys] for other litigation involving the Contracts at issue here." 810 F.2d at 1264.

■ In this case, there is no evidence that plaintiff would not have entered into the contingency fee arrangement had there not been a fee-shifting arrangement. An affidavit from an officer of plaintiff corporation, Stephen Hochman, provides that plaintiff entered into the contingency fee arrangement simply because he did not want to incur legal costs given the uncertainty of the litigation's success. However, although plaintiff's private contingency fee arrangement is an important factor in determining the reasonableness of the fee; *see Diamond,* 979 F.2d at 20 (noting that "when ... a contingency fee arrangement is implicated, the amount actually recovered assumes particular significance ... in determining the reasonableness of a fee award"), it is not dispositive. Other factors that are relevant include "'the difficulty of the questions involved; the skill required to handle the problem; the time and labor required; the lawyer's experience, ability and reputation; the customary fee charged by the Bar for similar services; and the amount involved.'" *F.H. Krear & Co.,* 810 F.2d at 1263 (quoting *In re Schaich,* 55 A.D.2d 914, 391 N.Y.S.2d 135, 136 (1st Dep't), *appeal denied,* 42 N.Y.2d 802, 397 N.Y.S.2d 1026, 366 N.E.2d 293 (1977)); *Matter of Freeman,* 34 N.Y.2d 1, 355 N.Y.S.2d 336, 340, 311 N.E.2d 480 (1974).

Plaintiff's counsel has submitted to the Court his billing records in this case from January 23, 1996 to January 2, 1998. According to these records, plaintiff was responsible for all aspects of this case from start to finish, including preparing the complaint, conducting discovery, preparing and responding to motions, and trying the case. Plaintiff's counsel expended a total of 155 hours, plus 16.5 hours for travel. His records are sufficiently specific and detailed to provide an understanding of the work involved.

Plaintiff's counsel has demonstrable experience in federal courts, practicing law for twenty-five years. He has worked for plaintiff before, charging a rate of $200 per hour. The market rate, however, is $150 per hour for experienced attorneys in the Northern District of New York. *Amato v. City of Saratoga Springs,* 991 F.Supp. 62 (N.D.N.Y.1998) (citations omitted).

Multiplying $150 per hour times 155 hours, the Court arrives at an amount of $23,250. Added to this amount is $1,237.50 for travel, *Abou–Khadra v. Bseirani,* 971 F.Supp. 710, 719 (1997) (awarding $75 per hour for travel). The Court notes that the total amount of recovery in this case is $113,602.05, plus prejudgment interest. Taking into account the contingency fee arrangement and all the relevant factors, the Court finds that attorneys' fees of $35,000 are reasonable. Additionally, plaintiff is entitled to costs for transcripts, filings and postage of $1,267.46

## CONCLUSION

The Clerk is hereby directed to enter judgment in favor of plaintiff and against defendant for $113,602.05, plus prejudgment interest to be calculated by the Clerk at the statutory rate of 9% per annum from November 27, 1995 to the date of entry of final judgment. Further, plaintiff is awarded $35,000 for attorneys' fees, plus costs of $1,267.56

**IT IS SO ORDERED.**