■ In the Matter of the Estate of CLAUDE S. MIDDAGH, Deceased. KLEIN & KLEIN, ESQ., P. C., Appellant; ROY MIDDAGH, as Executor of CLAUDE S. MIDDAGH, Deceased, Respondent. [699 NYS2d 506] —Crew III, J. Appeal from an order of the Surrogate's Court of Ulster County (Lalor, S.), entered November 12, 1998, which, *inter alia*, set the reasonable value of legal services rendered by petitioner.

In October 1997, petitioner was retained by respondent, the executor and sole beneficiary of the estate of Claude Middagh (hereinafter decedent), respondent's father, to settle decedent's uncontested estate. Upon completion of one half of the legal services required to settle decedent's estate, petitioner presented respondent with a bill for $10,000, representing approximately one half of the overall legal fees, which respondent paid. Respondent thereafter refused to pay the balance of the legal fees requested ($9,739.86), prompting petitioner to commence this proceeding in Surrogate's Court to secure the balance of what it contended was an appropriate fee for settling decedent's estate. The parties apparently waived a hearing and, after reviewing the sparse record before it, Surrogate's Court awarded petitioner $3,000 in legal fees and $210 in disbursements and ordered petitioner to reimburse respondent the sum of $6,790 ($10,000 minus $3,210). This appeal by petitioner ensued.

Petitioner's primary argument on appeal is that Surrogate's Court abused its discretion in failing to award a legal fee amounting to 5% of decedent's estate, which it asserts is the customary fee charged in Ulster County. In this regard, "[i]t is well settled that the Surrogate 'bears the ultimate responsibility to decide what constitutes reasonable legal compensation' in estate matters" (*Matter of McCann*, 236 AD2d 405, 406, quoting *Matter of Verplanck*, 151 AD2d 767). To that end, Surrogate's Court is not bound by the existence of a retainer agreement or other agreement between the parties as to the fees in question (*see, Matter of McCann, supra*, at 406), and "[n]o hard and fast rule exists by which it can be determined what is reasonable compensation for an attorney in any given case" (*Matter of Stellis*, 216 AD2d 473, 474). Instead, in determining what constitutes reasonable compensation for counsel's services, consideration should be given to the time commitment involved,

the relative difficulty of the matter, the nature of the services provided, counsel's experience and the results obtained (*see, e.g., Matter of Graham*, 238 AD2d 682, 687; *Matter of Stellis, supra*, at 474). Notably, "a Surrogate is not obliged to accept at face value an attorney's summary of the hours expended" (*Matter of Bobeck*, 196 AD2d 496, 497), and the burden of establishing the reasonable value of such services rests upon the attorney in question (*see, Matter of McCann, supra*, at 406).

Based upon our review of the record before us, and taking into consideration the relevant factors, we cannot say that Surrogate's Court abused its discretion in reducing the compensation to be paid to petitioner for the legal services provided to respondent. As noted previously, Surrogate's Court was not bound by whatever agreement as to fees that may have existed between the parties (*see, id.*) and, most significantly, petitioner fell far short of meeting its burden of demonstrating that the fees sought were reasonable. Although the two attorneys who worked on decedent's estate, one of whom possessed more than 30 years' experience in probate matters, submitted affidavits attesting to the 80 hours allegedly invested in this matter, the record does not contain any breakdown of how such time was allocated between the two attorneys or among the various services performed by them. Under such circumstances, we perceive no abuse of discretion on the part of Surrogate's Court.

Cardona, P. J., Mikoll, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.