■ In the Matter of the Estate of JULIA LABUA, Deceased. ROSEMARIE PADAVAN, Appellant-Respondent; LEO P. DAVIS et al., Respondents-Appellants. [714 NYS2d 131] —In a proceeding to settle the accounts of Rosemarie Padavan as executrix of the estate of Julia Labua, the executrix appeals, as limited by her brief, from stated portions of a decree of the Surrogate's Court, Suffolk County (Weber, S.), dated May 28, 1999, which, *inter alia,* surcharged her in the amount of her statutory commissions and awarded legal fees to the attorney for the estate in the sum of only $3,500, and the objectants cross-appeal from so much of the same decree as failed to impose a surcharge on the executrix for the full amount of a claim paid by her and awarded legal fees to the attorney for the estate.

Ordered that the decree is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

We note that the executrix raises issues in her brief concerning an order entered May 19, 1998, which, *inter alia,* denied her motion for summary judgment. However, no notice of appeal was filed from that order. In any event, the issues raised in that order are brought up for review on her appeal from the decree (*see, Matter of Aho,* 39 NY2d 241, 248).

The executrix paid a hospital claim of $19,674.94 out of estate assets for services rendered to the decedent's husband who had predeceased her. Although a judgment on that claim was entered in the Supreme Court, Suffolk County, the judgment had been vacated before the executrix paid the claim. Contrary to the contention of the executrix, the Surrogate's Court properly denied her motion for summary judgment as she failed to make a prima facie showing of entitlement to judgment as a matter of law by proffering sufficient evidence to demonstrate the absence of any material issues of fact with respect to the propriety of the payment of the hospital claim (*see,*

CPLR 3212 [b]; *Ayotte v Gervasio,* 81 NY2d 1062; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851).

The subsequent finding of the Surrogate's Court that the executrix was negligent in paying the hospital claim after the judgment entered upon that claim was vacated is supported by the record. The executrix did not exercise that degree of care which "prudent [individuals] of discretion and intelligence in such matters [would] employ in their own like affairs" (*Matter of King v Talbot,* 40 NY 76, 86; *see also, Matter of Donner,* 82 NY2d 574, 585). Accordingly, the court's surcharge of the executrix in the amount of her statutory commissions was a provident exercise of discretion (*see,* SCPA 1807; *see also, Matter of Donner, supra,* at 587; *Matter of Scott,* 234 AD2d 551, 552). Contrary to the objectants' contention, under the circumstances of this case, including the likelihood of the estate's liability for the hospital claim and the modest size of the estate, the court's refusal to surcharge the executrix the full amount of the money she paid to settle the claim was also a provident exercise of discretion (*see,* SCPA 1807).

The Surrogate's Court also providently exercised its discretion in awarding legal fees. It is well settled that the Surrogate, " 'who is in a superior position to judge factors such as the time, effort and skills required' " (*Matter of McCann,* 236 AD2d 405, 406, quoting *Matter of Papadogiannis,* 196 AD2d 871, 872), "bears the ultimate responsibility of deciding what constitutes a reasonable attorney's fee" in estate matters (*Matter of Pekofsky v Estate of Cohen,* 259 AD2d 702; *see also, Matter of Verplanck,* 151 AD2d 767). Considering these factors, in addition to the difficulties involved in this matter, the nature of the services, the amount involved, and the results obtained, the court properly determined the reasonable compensation for the attorney's services (*see, Matter of Freeman,* 34 NY2d 1, 9; *Matter of Pekofsky v Estate of Cohen, supra*).

The parties' remaining contentions are without merit. Bracken, J. P., Thompson, S. Miller and Florio, JJ., concur.