■ In the Matter of BARRY WEINBERG, Deceased. ROBERT WEINBERG, Appellant. LAW OFFICES OF GORDON MEHLER, PLLC, Nonparty Appellant. [968 NYS2d 509]—

In a proceeding for the administration of the estate of a decedent, in which the administrator of the estate petitioned to settle his account, the administrator of the estate and nonparty Law Offices of Gordon Mehler, PLLC, the attorney for the administrator and the estate, appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Kings County (Johnson, S.), dated January 12, 2012, as, upon renewal, and upon the resettlement of the administrator's final account, granted the motion of Law Offices of Gordon Mehler, PLLC, for an award in the sum of $29,127.18 as an attorney's fee for services rendered from February 2009 to May 2011 only to the extent of awarding it the sum of $1,000 as an attorney's fee for that period of time and, sua sponte, directed that the administrator be personally surcharged in the sum of $3,120 for accountant's fees.

Ordered that, on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed that the administrator be personally surcharged in the sum of $3,120 for accountant's fees is deemed to be an application for leave to appeal, and leave to appeal is granted from that portion of the order (*see* CPLR 5701 [c]; SCPA 2701 [1]); and it is further,

Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by increasing the award of the attorney's fee for services rendered from February 2009 to May 2011 from the sum of $1,000 to the sum of $6,000, and (2) by reducing the surcharge imposed on the administrator personally for an accountant's fee from the sum of $3,120 to the sum of

$2,120; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The determination of a reasonable attorney's fee in a matter concerning an estate is within the sound discretion of the Surrogate's Court (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Matter of Gluck*, 279 AD2d 575, 576 [2001]). This authority rests with the Surrogate regardless of any agreement between the interested parties consenting to the amount of compensation requested (*see Matter of Gluck*, 279 AD2d at 576; *Matter of Von Hofe*, 145 AD2d 424 [1988]; *see also Matter of Phelan*, 173 AD2d 621 [1991]; *Matter of Verplanck*, 151 AD2d 767 [1989]). The nonparty Law Offices of Gordon Mehler, PLLC, demonstrated that the compensation of $1,000 awarded by the Surrogate was not reasonable, and that it was entitled to a higher fee, in this case $6,000, for the services it rendered to the decedent's estate between February 2009 and May 2011. Therefore, the Surrogate's determination fixing the attorney's fee at $1,000 was an improvident exercise of discretion, and the order must be modified accordingly.

Contrary to the administrator's contention, the Surrogate properly surcharged him personally for the costs of an accountant's fee, since the fee the accountant charged the decedent's estate was clearly excessive (*see* SCPA 1807; *Matter of Labua*, 276 AD2d 630, 631 [2000]). However, the Surrogate improvidently exercised her discretion in surcharging the administrator personally for the entirety of the $3,120 that was paid to the accountant. Since a fee of $1,000 for the accounting services would have been reasonable, the decedent's estate should have been directed to pay that sum, while the administrator should have been surcharged personally for only $2,120 of the accountant's fee. Dillon, J.P., Lott, Austin and Hinds-Radix, JJ., concur.