15-1626-cv (L)
Popal v. Slovis

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 18th day of April, two thousand sixteen.

Present:      ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
             RAYMOND J. LOHIER, JR.,
                      *Circuit Judges*.

_____

FARID POPAL,

                   *Plaintiff-Appellee-Cross-Appellant*,

              v.                                          15-1626-cv (L);
                                                          15-1651-cv (XAP)

HARVEY J. SLOVIS, ESQ.,

                   *Defendant-Appellant-Cross-Appellee*.

_____

For Plaintiff-Appellee/Cross-Appellant:      Jonathan I. Edelstein, Edelstein & Grossman, New York, NY.

For Defendant-Appellant/Cross-Appellee:      Rachel Schulman (Francis P. Karam, New York, NY, *on the brief*), Great Neck, NY.

Appeal from the United States District Court for the Southern District of New York (Schofield, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Harvey Slovis appeals from the April 28, 2015 judgment entered in the United States District Court for the Southern District of New York (Schofield, *J.*), finding, after a two-day bench trial, that he was entitled to retain the reasonable value of legal services provided to his former client, Farid Popal, in the amount of $105,000. Popal cross-appeals from the same judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Following a bench trial, we review the factual findings of the district court for clear error and its legal conclusions de novo. *Petereit v. S.B. Thomas, Inc.*, 63 F.3d 1169, 1176 (2d Cir. 1995). We review a district court's award of attorney's fees for abuse of discretion, "which occurs when (1) the court's decision rests on an error of law (such as application of the wrong legal principle) or clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010) (alterations and internal quotation marks omitted).

Slovis argues that the district court abused its discretion in finding that he was entitled to only $105,000 in legal fees. In the district court, Slovis claimed that he and Popal agreed on a flat fee of $150,000, but Slovis was unable to produce any written agreement, and the district court found, as a matter of fact, that no meeting of the minds occurred between Slovis and Popal concerning legal fees. Slovis was thus entitled to only the fair and reasonable value of his services rendered to Popal on the basis of quantum meruit. *See Cohen v. Grainger, Tesoriero & Bell*, 81 N.Y.2d 655, 658 (1993). Under New York law, which applies here, to determine the fair and reasonable value of legal services on the basis of quantum meruit, courts consider "the difficulty of the matter, the nature and extent of the services rendered, the time reasonably expended on those services, the quality of performance by counsel, the qualifications of counsel, the amount at issue, and the results obtained." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 148 (2d Cir. 1998) (citing *Spano v. Scott*, 561 N.Y.S.2d 678 (4th Dep't 1990)). Courts applying New York law may use the "lodestar" method to reach a specific dollar figure for the value of the services rendered. *Id.*; *see also Mar Oil, S.A. v. Morrissey*, 982 F.2d 830, 841 (2d Cir. 1993); *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir. 1987).

The district court did not abuse its discretion in concluding that $105,000 was a fair and reasonable attorney's fee. The district court conducted a two-day bench trial on this issue, and its thorough opinion considered, among other things, Slovis's experience as a criminal defense lawyer, the length of Popal's criminal trial, and the rate other clients were willing to pay Slovis for his services. The court used the lodestar method to reach a specific dollar figure, multiplying the approximate number of hours that Slovis worked during Popal's trial by the rate other clients were willing to pay Slovis in similar cases.

Slovis argues that the district court erred by not considering the time Slovis worked on Popal's case before trial. But Slovis failed to produce, and apparently did not maintain, any contemporaneous time records of the work he performed on Popal's case either before or during the trial. Nor did Slovis provide to the district court any estimate for the amount of pretrial time

he spent on Popal's case. Under New York law, "[t]he burden is on counsel to keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required; where adequate contemporaneous records have not been kept, the court should not award the full amount requested." *F.H. Krear & Co.*, 810 F.2d at 1265 (citing *Jordan v. Freeman*, 336 N.Y.S.2d 671, 671-72 (1st Dep't 1972); *In re Ury*, 485 N.Y.S.2d 329, 330 (2d Dep't 1985); *In re Schaich*, 391 N.Y.S.2d 135, 136 (2d Dep't 1977)). And where adequate contemporaneous time records have not been kept, some courts have refused to award any fee whatsoever. *See, e.g.*, *Potts v. Hines*, 534 N.Y.S.2d 507, 508 (3d Dep't 1988). Accordingly, the district court did not abuse its discretion in this regard.

Turning to Popal's cross-appeal, the district court did not abuse its discretion in using the hourly rate that other clients were willing to pay Slovis for his services. The district court reasonably concluded that this rate was appropriate based on Slovis's experience as a criminal defense attorney. Indeed, the hourly rate that the district court used produced a total fee award that was significantly lower than the $150,000 that Slovis testified he had received in four comparable criminal trials. Under the circumstances, we cannot say that the district court abused its discretion in its selection of the hourly rate to use in its lodestar calculation.

Finally, we reject the argument in Popal's pro se supplemental brief that the district court erred in dismissing his breach of contract claim. The district court did not clearly err in finding, as a factual matter, that there was no meeting of the minds. Because there was no meeting of the minds, there was no contract. *See Cent. Fed. Sav., F.S.B. v. Nat'l Westminster Bank, U.S.A.*, 574 N.Y.S.2d 18, 19 (1st Dep't 1991).

We have considered the remainder of the parties' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3