OPINION OF THE COURT
Bertram R. Gelfand, S.
This is an application by the guardian ad litem of infant parties in interest to resettle the decree of this court to the *424 extent that it fixed and allowed her compensation for necessary services rendered in the proceeding. There is little doubt that by the application of selected criteria in fixing and allowing fees, one can sustain an argument that the guardian ad litem is entitled to a greater fee. There is an equal lack of doubt that by the selected application of other criteria, argument could be made that she is entitled to a lesser fee than that fixed by the court. On the positive side of the spectrum with reference to the guardian’s position is the result she achieved for her wards, her professional standing, her keen understanding of the issues, the contention that she is usually compensated at the rate of $125 per hour, and the fact that the proceeding which necessitated her appointment was instituted by the estate which must bear the cost of her fee. Counterbalancing these factors is the limited size of the estate which must bear the cost of the guardian ad litem’s services, the time which the court concludes was reasonably required for the services rendered, the nature and complexities of the. issues presented, that the issues were settled without a complete hearing, and the inappropriateness of compensating a guardian in a matter of this nature at the rate which the guardian indicates she is usually compensated for her services.
The same criteria must be applied to the allowance of fees for guardians ad litem as is applied in fixing and allowing the compensation of retained counsel. In discharging this duty, the court cannot apply a selected few factors which might be more favorable to one position or another but must strike a balance by considering all of the elements set forth in Matter of Potts (213 App Div 59, affd 241 NY 593), as re-enunciated in Matter of Freeman (34 NY2d 1). In the initial fixation of the guardian ad litem’s fee, this was done. Nothing has been presented upon this motion to justify any modification of the decree entered.
The fee allowed in no respect required or constituted a determination of each of the disputed questions of fact presented by the parties on the subject of the guardian’s fee. It is regrettable that in the unnecessary and unjustified acrimonious exchange of papers upon this motion, both the guardian ad litem and counsel for the petitioners have perhaps expended an amount of effort that approaches their services in the principal matter.
The court is appreciative of the services of the guardian ad litem and would find it regrettable if such services were *425 not available to litigants within the framework of the fees that can be reasonably fixed. However, when assignments are made it is totally within the discretion of counsel who are assigned to make a professional evaluation as to whether the acceptance of the assignment is justified. Once an assignment is accepted, like in any other case, the guardian ad litem is limited to the fees which the matter can reasonably sustain for necessary services rendered. It is for counsel, when receiving a notice of an assignment, to initially determine whether to accept or decline the same. Motion denied.