■ In the Matter of the Estate of STANLEY F. ZLOBEC, Deceased. ROBERT E. MAXWELL, Appellant; Estate of STANLEY F. ZLOBEC, Respondent.—In a proceeding to fix an attorney's fee, Robert E. Maxwell, the former attorney for the executrix and estate of the decedent Stanley F. Zlobec, appeals from (1) a decision of the Surrogate's Court, Suffolk County (Signorelli, S.), dated December 3, 1986, which, *inter alia,* denied his petition for compensation, and (2) an order of the same court, dated February 11, 1987, entered on that decision.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision *(see, Cohn v Meyers,* 125 AD2d 524); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondent estate is awarded one bill of costs, payable by the appellant personally.

The only issue before this court is whether the appellant attorney, who formerly represented the executrix and the estate of the decedent, was entitled to compensation for any work he allegedly performed for his clients. The Surrogate obviously denied the appellant's fee application on the ground that he had been discharged for sufficient cause by the executrix because he had improperly obtained her consent to represent her and the estate. The Surrogate further held that the appellant subsequently refused to acknowledge the discharge, claiming that the executrix had signed an "irrevocable" retainer agreement precluding his discharge; thereafter, he refused to turn over estate assets and documents to the executrix and proceeded to file a probate petition.

After reviewing the affidavits submitted by the parties, who stipulated that the matter should be decided without a hearing, we find no basis to disturb the Surrogate's exercise of his discretion in denying the appellant's petition for fees. Contrary to the appellant's contention, it is "well rooted in our jurisprudence, that a client may at anytime, with or without cause, discharge an attorney *in spite of a particularized retainer agreement between the parties" (Demov, Morris, Levin &*

*Shein v Glantz,* 53 NY2d 553, 556 [emphasis supplied]). "When an attorney-client relationship deteriorates to the point where the client loses faith in the attorney, the client should have the unbridled prerogative of termination. Any result which inhibits the exercise of this essential right is patently unsupportable" *(Demov, Morris, Levin & Shein v Glantz, supra,* at 557). While an attorney who is discharged without cause is entitled to recover in quantum meruit the reasonable value of services rendered to his client, if an attorney is discharged for sufficient cause, then he is not entitled to any compensation *(see, Matter of Montgomery,* 272 NY 323, 326; *Teichner v W & J Holsteins,* 64 NY2d 977, 979).

The other contentions sought to be raised by the appellant are not properly before this court. Lawrence, J. P., Eiber, Spatt and Sullivan, JJ., concur.