■ E. RANDALL BOLSINGER, Appellant, v BARBARA A. BOLSINGER, Also Known as ROBYN BOLSINGER, Defendant. CHARLES E. STEWART, III, Nonparty Respondent.—In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Benson, J.), entered April 6, 1987, which, *inter alia,* awarded a fee of $3,500 to the guardian ad litem appointed for the defendant, payable by the plaintiff.

Ordered that the order is modified, on the facts and in the exercise of discretion, by reducing the amount of the fee to $2,000; as so modified, the order is affirmed, without costs or disbursements.

A court may allow a guardian ad litem, duly appointed pursuant to CPLR 1202, "reasonable compensation for his services to be paid in whole or part by any other party" (CPLR 1204; *see, e.g., Perales v Cuttita,* 127 AD2d 960; *Hines v Hines,* 8 AD2d 804; *Matter of Hall Hosp. [Cinque],* 117 Misc 2d 1024). A guardian ad litem appointed pursuant to CPLR 1202

need not be an attorney *(see, Rapp v Rapp,* 101 Misc 2d 375; *cf.,* SCPA 403-a [2]; 404 [1]). In fixing the fee, the dollar value for nonlegal work performed by an attorney who is appointed a guardian ad litem pursuant to CPLR 1202 should not be enhanced just because an attorney does it. The compensation for the services of a guardian ad litem "must be fixed with due regard to the responsibility, time and attention required in the performance of [his] duties" *(Matter of Becan,* 26 AD2d 44, 48; *Matter of Hall Hosp. [Cinque], supra,* at 1025), the result obtained, and the funds available to the person who must bear the cost of the guardian ad litem's services *(see, Matter of Becan, supra; Matter of Berkman,* 93 Misc 2d 423). An examination of the record on appeal indicates that the allowance to the guardian ad litem was excessive and that a fee in the sum of $2,000 provides fair and reasonable compensation for the services of the guardian ad litem under the particular circumstances of this case. Mollen, P. J., Thompson, Rubin and Eiber, JJ., concur.