■ In the Matter of the Estate of JOSEPH VITOLE, Deceased. J. ARTHUR ROBBINS, Appellant; GARY N. WEINTRAUB, Respondent. [627 NYS2d 444] —In a proceeding to judicially settle the account of Gary N. Weintraub, as administrator of the estate of Joseph Vitole, J. Arthur Robbins appeals, on the ground of inadequacy, (1) from so much of a decision of the Surrogate's Court, Suffolk County (Signorelli, S.), dated March 10, 1994, as determined his compensation for the legal services that he rendered to the decedent's estate and (2) from so much of a decree of the same court dated April 18, 1994, entered upon the decision, as awarded him $25,000.

Ordered that the appeal from the decision is dismissed since no appeal lies from a decision (see, Matter of Zlobec, 133 AD2d 637); and it is further,

Ordered that the decree is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs to be paid by the appellant personally.

It is well established that "the Surrogate bears the ultimate responsibility to decide what constitutes reasonable legal compensation * * * regardless of the existence of a retainer agreement * * * or whether all the interested parties have consented to the amount of fees requested" (Matter of Verplanck, 151 AD2d 767; see also, Matter of Stortecky v Mazzone, 85 NY2d 518; Matter of Phelan, 173 AD2d 621). No hard-and-fast rule exists by which it can be determined what is reasonable compensation for an attorney in any given case (see, Matter of Bobeck, 196 AD2d 496). The Surrogate, however, may consider a number of factors including " 'the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained' " (Matter of Bobeck, supra, at 497, quoting Matter of Potts, 213 App Div 59, 62, affd 241 NY 593). Moreover, the Surrogate is not bound to accept at face value an attorney's summary of the hours that he spent working on legal matters (see, Matter of Bobeck, supra).

Under the circumstances of this case, the Surrogate did not

improvidently exercise his discretion by awarding $25,000 to J. Arthur Robbins for the legal services that he rendered to the decedent's estate. Sullivan, J. P., Miller, Santucci and Altman, JJ., concur.