■ In the Matter of the Estate of CLAIRE G. McCANN, Deceased. WILLIAM A. CAHILL et al., Appellants; CLAIRE PIVARSKY et al., Respondents. [654 NYS2d 578] —In a proceeding to fix attorneys fees pursuant to SCPA 2110, the appeal is from an order of the Surrogate's Court, Suffolk County (Prudenti, S.), dated September 27, 1995, which fixed the legal fees of the attorneys for the estate in an amount less than requested.

Ordered that the order is affirmed, with costs payable by the appellants personally.

It is well settled that the Surrogate "bears the ultimate responsibility to decide what constitutes reasonable legal compensation" in estate matters (*Matter of Verplanck*, 151 AD2d 767). This is so regardless of whether there was an agreement by the parties concerning legal fees (*see, Matter of Verplanck, supra; Matter of Phelan*, 173 AD2d 621).

In determining what constitutes reasonable compensation for an attorney's services, the court should consider the time spent, the difficulties involved in the matter, the nature of the services, the amount involved, the professional standing of counsel, and the results obtained (*see, Matter of Freeman*, 34 NY2d 1, 9; *Matter of Bobeck*, 196 AD2d 496; *Matter of Potts*, 213 App Div 59, *affd* 241 NY 593). The court is not "obliged to accept at face value an attorney's summary of the hours expended" (*Matter of Bobeck, supra*, at 497), and the burden of establishing the reasonable value of the services rests on the attorney (*see, Matter of Potts, supra*). The determination of what constitutes reasonable fees is a matter "within the sound discretion of the Surrogate, who is in a superior position to judge factors such as the time, effort and skills required" (*Matter of Papadogiannis*, 196 AD2d 871, 872; *see, Matter of Jones*, 168 AD2d 448, 449).

Contrary to the appellants' claims, the record establishes that the court examined the relevant factors in reaching its determination of what constituted reasonable fees, and there is no basis for this Court to disturb that determination.

We have reviewed the appellants' remaining contentions and find that they are without merit. Rosenblatt, J. P., Joy, Florio, and McGinity, JJ., concur.