■ In the Matter of the Estate of WILLIAM C. GOTTSCHEN, Deceased. HENRY W. GLISMAN et al., Appellants; BRIDGET CORRIGAN et al., Respondents. [682 NYS2d 861] —In a proceeding to fix an attorney's fee pursuant to SCPA 2110, the appeal is from a decree of the Surrogate's Court, Queens County (Nahman, S.), entered November 17, 1997, which fixed the attorney's fee at $16,500, an amount less than that requested by the attorney for the estate, and directed that any and all legal fees which had been paid in excess of that amount be refunded to the estate.

Ordered that the appeal by the executor Henry W. Glisman is dismissed; and it is further,

Ordered that the decree is affirmed insofar as reviewed; and it is further,

Ordered that the petitioners are awarded one bill of costs, payable by Mark S. Charwat, P. C.

The estate is not aggrieved by the Surrogate's determination to reduce the amount of legal fees requested by the law firm for the estate of William C. Gottschen (*see, Matter of Lenk,* 218 AD2d 802; *Matter of Sold,* 215 AD2d 566), and, therefore, the appeal by the executor must be dismissed.

The Surrogate has broad discretion in determining what constitutes reasonable compensation for legal services (*see, Matter of McCann,* 236 AD2d 405; *Matter of Vitole,* 215 AD2d 765; *Matter of Verplanck,* 151 AD2d 767). No hard-and-fast rule exists by which it can be determined what is reasonable compensation for an attorney in any given case (*see, Matter of Vitole, supra; Matter of Bobeck,* 196 AD2d 496; *see also, Matter of Potts,* 213 App Div 59, *affd* 241 NY 593). On the record before us, it cannot be said that the Surrogate's determination was an improvident exercise of discretion. Miller, J. P., Ritter, Copertino and Altman, JJ., concur.

■ In the Matter of JASON MARANTE, an Infant, by His Uncle and Guardian ad Litem, JOHN NICHOLSON, et al., Respondents, v COUNTY OF ROCKLAND et al., Appellants. [682 NYS2d 860] —In a proceeding, *inter alia,* to deem a notice of claim to have been timely served pursuant to General Municipal Law § 50-e (5), the respondents appeal from an order of the Supreme Court, Rockland County (Meehan, J.), dated October 27, 1997, which granted the petition.

Ordered that the order is affirmed, with costs.

The court did not err in deeming the notice to be timely served under the peculiar facts of this case (*see,* General Municipal Law § 50-e [5]). Miller, J. P., Ritter, Copertino and Altman, JJ., concur.