■ In the Matter of the Estate of IRVING D. JAKOBSON, Deceased. PEDER JAKOBSON, Appellant; FLEET TRUST COMPANY, Respondent. (Proceeding No. 1.) In the Matter of the Estate of RUTH JAKOBSON, Deceased. PEDER JAKOBSON, Appellant; FLEET TRUST COMPANY, Respondent. (Proceeding No. 2.) In the Matter of the Estate of RUTH JAKOBSON, Deceased. PEDER JAKOBSON, Appellant; FLEET TRUST COMPANY, Respondent. (Proceeding No. 3.) [757 NYS2d 466] —In three proceedings to settle final accounts of the Fleet Trust Company as cotrustee of the lifetime trusts of Ruth Jakobson and Irving D. Jakobson and as executor of the estate of Ruth Jakobson, the objectant, sole beneficiary, and distributee, Peder Jakobson, appeals from a decree of the Surrogate's Court, Nassau County (Riordan, S.), dated January 15, 2002, which awarded the cotrustee and executor's law firm $168,559.20 as an attorney's fee and $5,476.04 in disbursements.

Ordered that the decree is affirmed, with costs payable by the appellant personally.

The Surrogate has broad discretion in determining what constitutes reasonable compensation for legal services (see Matter of McCann, 236 AD2d 405 [1997]; Matter of Vitole, 215 AD2d 765 [1995]; Matter of Verplanck, 151 AD2d 767 [1989]). No hard-and-fast rule exists by which it can be determined what is reasonable compensation for an attorney in any given case (see Matter of Vitole, supra; Matter of Bobeck, 196 AD2d 496 [1993]; see also Matter of Potts, 213 App Div 59 [1925]). On the record before us, it cannot be said that the Surrogate's award was an improvident exercise of discretion.

The objectant's remaining contentions either are unpreserved for appellate review or without merit. Ritter, J.P., Smith, Krausman and Rivera, JJ., concur.