(February 14, 2005)

■ SUSAMMA ALIAS, Plaintiff, v ALIAS K. OLAHANNAN, Appellant. KIM M. RAYNER, Nonparty Respondent. [789 NYS2d 726]—

In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated November 26, 2003, which granted the motion of his guardian ad litem for a fee award in the sum of $5,753.71.

Ordered that the order is modified, on the facts and as a matter of discretion, by deleting therefrom the sum of $5,753.71 and substituting therefor the sum of $3,500; as so modified, the order is affirmed, without costs or disbursements.

A guardian ad litem need not be an attorney, and "[i]n fixing the fee, the dollar value for nonlegal work performed by an attorney who is appointed a guardian ad litem pursuant to CPLR 1202 should not be enhanced just because an attorney does it" (*Bolsinger v Bolsinger*, 144 AD2d 320, 321 [1988]). In determining reasonable compensation, the responsibility, time, and attention required, the result obtained, and the funds available to the person who must bear the cost of the guardian ad litem must be considered.

The appellant was represented by an attorney and it appears that the function of the guardian ad litem was to observe and confer. At the conclusion of the action, the appellant received one half of the proceeds from the sale of the marital residence, which totalled $37,353.56. Under the circumstances of this case, we conclude that the allowance to the guardian ad litem was excessive and that a fee of $3,500 provides fair and reasonable compensation. Florio, J.P., Adams, Goldstein, Rivera and Spolzino, JJ., concur.