*884 OPINION OF THE COURT
Edward D. Burke, J.
Ordered that the caption of this action is hereby amended to reflect the joinder of HSBC Bank, USA, N.A. as a party defendant to this action by reason of the plaintiff’s service of a supplemental summons and amended complaint pursuant to CPLR 1003 and 3012; and it is further ordered that this motion (No. 001) by the plaintiff for an order of attachment pursuant to CPLR 6201 et seq., is denied as the same has been withdrawn; and it is further ordered that the complaint served and filed in this action, commenced by the duly appointed guardian ad litem of the former infant plaintiff, for a money judgment against the defendants is dismissed without prejudice to the rights of the former infant plaintiff and all defendants to commence an action against any persons predicated upon the same transaction and occurrences set forth in the complaint served and filed herein; and it is further ordered that the application of the guardian ad litem for an order awarding him reasonable compensation for the services rendered to the infant plaintiff in this action during her minority in the total amount of $6,690, which amount includes the sum of $390 as reimbursement of expenses paid by said guardian ad litem, and for a further order directing defendants, HSBC Bank, USA, N.A. and Apple Bank for Savings, each to pay one half of the said amount is considered under CPLR 1204 and is granted upon the consent of defendants, HSBC Bank, USA, N.A. and Apple Bank for Savings; and it is further ordered that defendants, HSBC Bank, USA, N.A. and Apple Bank for Savings, shall each pay, within 30 days after service of a copy of this order by facsimile transmission, the sum of $3,345 to Stephen L. O’Brien, Esq., which amount represents one half of the compensation herein awarded to attorney O’Brien by reason of the services he rendered as guardian ad litem to the infant plaintiff in this action prior to her attaining the age of her majority; and it is further ordered that Stephen L. O’Brien, Esq., as guardian ad litem for the plaintiff in this action, may docket this order pursuant to CPLR 2222 as a money judgment in the total amount of $6,690 against defendants, HSBC Bank, USA, N.A. and Apple Bank for Savings, each of whom agreed to pay one half of said sum to the guardian ad litem.
The infant plaintiff in this action, who attained the age of her majority on March 14, 2007, recovered the net sum of $21,694.14 in a personal injury action commenced by the mother of said infant plaintiff in this court under index No. 15824/1999 pursu *885 ant to an order approving a proposed compromise of the claims of said infant plaintiff issued by this court on October 16, 2003. Pursuant to the terms of said order, the insurers of the two persons charged with liability to the infant plaintiff were directed to issue checks, each in the amount of $10,847.07, to “Subuhi Malik, as mother and natural guardian of Sarah I. Malik, an infant, jointly with an officer of the Astoria Federal Savings Bank” Said order contemplated that pursuant to CPLR 1206 (c), the infant plaintiffs mother would deposit said checks in the West Babylon branch of Astoria Federal Savings Bank in an account titled “Subuhi Malik as mother and natural guardian of Sarah I. Malik, an infant, jointly with an officer of the Astoria Federal Savings Bank.”
The insurers for the two defendants obligated to pay the settlement monies under the terms of the October 16, 2003 compromise order issued checks payable to Subuhi Malik, as mother and natural guardian of Sarah I. Malik, an infant, jointly with an officer of the Astoria Federal Savings Bank, as required by said compromise order and both checks were forwarded to the infant plaintiffs mother. However, said checks were not deposited into a CPLR 1206 (c) account at the West Babylon branch of Astoria Federal Savings Bank as contemplated by the October 16, 2003 compromise order of this court.
In January of 2007, counsel for the plaintiffs in the underlying personal injury action presented an order to show cause to this court seeking the appointment of a guardian ad litem on behalf of the infant plaintiff as counsel had learned that neither of the two settlement checks which were properly issued by the insurers of the defendants in the underlying personal injury action had been deposited in Astoria Federal Savings Bank. By order of this court, dated January 25, 2007, the court granted counsel’s application and appointed attorney, Stephen L. O’Brien, Esq., as guardian ad litem for the infant plaintiff. In said order, Mr. O’Brien was directed to fully investigate the facts surrounding the apparent wrongful negotiation of the settlement checks issued by the insurers of the defendants in said personal injury action. Mr. O’Brien was further authorized to proceed against those responsible for the apparent misappropriation of the settlement funds belonging to the infant plaintiff.
After duly qualifying for the fiduciary office of guardian ad litem and pursuant to the authority vested in said guardian ad litem pursuant to the January 25, 2007 appointing order of this court, Mr. O’Brien commenced this action charging the parents *886 of the infant plaintiff and the defendant banks with conversion, violations of the Uniform Commercial Code, and recovery of lost income and/or interest. The guardian ad litem demanded, inter alia, an accounting of the infant plaintiffs settlement funds and that a money judgment be entered against the defendants in amounts necessary to restore the infant plaintiffs settlement funds, together with interest and the fees and expenses of the guardian ad litem.
Simultaneous with commencement of this action, the guardian ad litem moved for an order attaching and restraining the release of all funds belonging to the Malik defendants on deposit with the defendant banks. On the February 13, 2007, return date of said motion, the infant plaintiff, together with her parents, appeared with a check drawn on HSBC Bank, which was added as a party defendant to this action after service of a supplemental summons and amended complaint, in the amount of $11,652.84 payable to the infant plaintiffs mother, jointly with an officer of Astoria Federal Savings. At the proceedings conducted by the court on February 13, 2007, the guardian ad litem advised that one of the original settlement checks issued in 2003 by the insurer of one of the two defendants responsible for payment of one half of the infant plaintiffs settlement funds was apparently negotiated at a Nassau county branch of HSBC Bank and deposited into a custodial account in the name of “Subuhi Malik, as custodian of Sarah I. Malik.” The source of the funds embodied in the bank check proffered to the guardian ad litem by tne parents of the infant plaintiff in court on February 13, 2007 appears to have been the custodial account established by the infant plaintiffs mother at HSBC Bank.
Although duly served with both the summons and complaint filed in this action and the order to show cause and supporting papers by which the motion for injunctive and other relief was interposed by the guardian ad litem, none of the original defendant banks appeared at the proceedings conducted on the February 13, 2007 return date of said motion. However, the guardian ad litem advised that he had been in contact with said defendant banks and that they were cooperating with his investigation into the whereabouts of the missing settlement funds, one half of which had just been recovered. At the conclusion of the proceedings conducted on February 13, 2007, the court issued an order authorizing the establishment of the CPLR 1206 (c) account at the West Babylon branch of Astoria *887 Federal Savings, the official depository of the settlement funds set forth in the compromise order of October 16, 2003, and the deposit into said account of the $11,652.84 check delivered by the parents of the infant plaintiff to the guardian ad litem in open court. The guardian ad litem’s motion for provisional relief (No. 001) was thus adjourned.
On the adjourned date of his motion, the guardian ad litem advised the court that he had secured a promise from defendant, Apple Bank for Savings, to issue a check in favor of the former infant plaintiff in the total amount of $11,762.22. Included in said amount was the sum of $10,847.07 which equaled the monies due under the settlement check issued in 2003 by the insurer of the second defendant directed to pay under the terms of the October 16, 2003 compromise order. This 2003 settlement check issued by the insurer had apparently been negotiated at an Apple Bank branch in Nassau county in 2004 and deposited into an account titled in the name of the infant plaintiffs father. On March 13, 2007, the guardian ad litem secured from Apple Bank for Savings the deposit of $11,762.22 into the CPLR 1206 (c) account established by the guardian ad litem at the West Babylon branch of Astoria Federal Savings.
By March 13, 2007, all of the monies due to Sarah I. Malik under the terms of the October 16, 2003 compromise order together with interest thereon were properly deposited into the account contemplated by said compromise order. The following day, to wit, March 14, 2007, Sarah I. Malik reached the age of her majority. On Wednesday, March 21, 2007 the former infant plaintiff appeared in the courtroom of the undersigned. Thereat, the guardian ad litem delivered to said plaintiff the passbook to the account established for her sole use and benefit at Astoria Federal Savings Bank, access to which she was then entitled under the terms of the October 16, 2003 compromise order. The guardian ad litem advised the court that he was withdrawing all claims and applications pending before the court as all had been rendered moot on March 14, 2007 because his fiduciary office of guardian ad litem, which was occasioned solely by the legal disability of infancy that attached to Sarah I. Malik prior to March 14, 2007, terminated on that date. Mr. O’Brien then moved on the record for an order pursuant to CPLR 1204 fixing the amount of compensation due for the services he rendered to Sarah I. Malik during her minority in this action and directing that defendants, HSBC Bank, USA, N.A. and Apple Bank for *888 Savings to each pay one half of the amount of compensation awarded by the court. In support of said application, Mr. O’Brien filed an affirmation of services detailing the work performed and time spent and written consents issued by representatives of defendants, HSBC Bank and Apple Bank for Savings to Mr. O’Brien’s application for relief pursuant to CPLR 1204.
The guardian ad litem’s application for leave to withdraw his motion (No. 001) for injunctive and other provisional relief and all claims interposed in this action by the infant plaintiff against the defendants is granted. The guardian ad litem is without authority to continue his representation of the former infant plaintiff in this action and any others in which he appeared as said former infant plaintiff attained the age of her majority on March 14, 2007. Thus, the motion bearing sequence No. 001 for an injunction and attachment is denied as moot. The complaint, as amended, is dismissed but such dismissal is without prejudice to the rights of the former infant plaintiff to commence a future action arising out of the same transactions and occurrences set forth in her amended complaint since the merits of the claims interposed therein were not determined by this court. Moreover, all rights of the defendants vis-a-vis each other are preserved as no determination of liability on the part of any of the defendants to any party hereto has been made by this court. Accordingly, none of the defendants shall be charged with any negative inferences and none shall be drawn by any person, court, board, officer or other entity by reason of the defendants’ restoration of the settlement funds to the former infant plaintiff or the payment of the compensation awarded to the guardian ad litem or any other jural conduct undertaken by the defendants during the course of this action.
Left for determination is the motion by the guardian ad litem for an order fixing his compensation including reimbursement of expenses and an order directing that defendants, HSBC Bank and Apple Bank for Savings, be directed to each pay one half of the compensation awarded by the court as per their consents. Pursuant to CPLR 1204, this court may award a guardian ad litem reasonable compensation for the services he or she rendered to his or her ward and may direct that such compensation be paid, in whole or in part, by any party to the action or from any recovery had on behalf of the ward (CPLR 1204). In fixing an award of reasonable compensation to a guardian ad litem under CPLR 1204, the court should consider the nature of the work performed, the actual time spent, the results obtained, *889 the funds available to bear the cost of the services rendered and all other factors relevant to the action (Bolsinger v Bolsinger, 144 AD2d 320 [1988]). Where conduct on the part of a party other than the ward necessitates the appointment of the guardian ad litem pursuant to CPLR 1202, the court may assess responsibility for payment of said compensation against said party (Matter of Board of Educ. of Northport-E. Northport Union Free School Dist. v Ambach, 90 AD2d 227 [1982]).
Here, the guardian ad litem, whose efforts brought about a quick and superlative result for the former infant plaintiff, seeks an order fixing his compensation in the total amount of $6,690, which amount includes reimbursement of the expenses paid by him in connection with the commencement of this action and the service of process upon the defendants. While he continued to render services after his ward reached the age of her majority, the guardian ad litem has not asked to be compensated for the time spent and work performed after the former infant plaintiff turned 18 years old on March 14, 2007. Upon review of the affirmation of services provided by the guardian ad litem and review of the nature of the work performed by said guardian, the actual time spent in court and out of court, the results obtained and the other unique facts and circumstances of this action, this court finds that Stephen L. O’Brien, Esq., as guardian ad litem, is entitled to an award of compensation in the amount of $6,690, as said amount constitutes the reasonable value of the services rendered in this action and in the underlying personal injury action by the said guardian to his former ward during her minority. The court further directs defendants, HSBC Bank and Apple Bank for Savings, each to pay one half of said amount to the guardian ad litem within 30 days of service of a copy of this order by facsimile.
Although all of the former infant plaintiffs settlement monies were promptly recovered in this action, this court is privy to facts which indicate that engagement in the conduct complained of herein, namely, the failure to deposit settlement funds belonging to persons under disability in accordance with compromise orders issued under CPLR 1206 (c), is not such an infrequent or isolated occurrence as one might expect. The settlement fund deposit procedures set forth in CPLR 1206 (c) are widely resorted to by the bar as said procedures obviate the need for the appointment of formal fiduciaries for persons under disability who recover monies in an action. Said procedures are also widely employed by the bench since they are available in “any” case (CPLR 1206 [c]).
*890 While the procedures governing the deposit of settlement funds into banks and the other financial institutions set forth in CPLR 1206 (c) are simple and convenient, they do not impose a time limitation within which the CPLR 1201 representative of the disabled plaintiff is required to make said deposit. Nor is there any requirement for the filing of proof with the court that settlement funds were properly paid and the net amounts thereof were duly deposited into an account established for the benefit of the disabled plaintiff in accordance with the terms of the compromise order. Consequently, the court issuing the compromise order pursuant to CPLR 1206 et seq. is never apprised that the directives for payment of settlement funds contained therein have been complied with and that the disabled plaintiffs net settlement funds have been deposited in a properly established CPLR 1206 (c) account having all of its attendant safeguards.
In addition, counsel who successfully prosecute claims belonging to an infant or other disabled plaintiff by representation of said plaintiffs CPLR 1201 representative in the action giving rise to the recovery, who learn, after the conclusion of said action, that net settlement funds properly disbursed and forwarded to the payee designated in the compromise order, were not deposited in the CPLR 1206 (c) accounts contemplated by said compromise order are often conflicted and thus unsure of how to proceed under such circumstances. Recourse to ethical guidelines and statutory or regulatory procedures by which counsel may take corrective action not in conflict with counsel’s obligations to his original clients appears to be lacking.
The absence of any requirement for an accounting of the payment and deposit of the settlement funds recovered by persons under disability in civil actions as required by the orders of compromise entered therein leaves the disabled plaintiff at risk of losing his or her recovery. It matters not whether the failure to deposit settlement funds in accounts judicially mandated is attributable to intentional or unintentional conduct on the part of parents or others; for any failure to so deposit said settlement funds results in an injustice of the greatest magnitude, as the party harmed thereby, being under legal disability, is solely reliant upon the court to protect his or her jural and other interests. Under the present statutory framework, the court cannot assure itself or others of the fulfillment of the objectives of such civil actions, *891 to wit, that a recovery once secured on behalf of a person under disability shall, by judicial mandate and oversight, be preserved without depletion until such time as the legal disability of the plaintiff is removed. The court thus urges the Legislature and/or others disposed to promulgating new and/or amendatory legislation to review all statutes, laws and rules governing the recovery of settlement funds by disabled litigants, including those set forth in CPLR 1206, and to enact amendments thereto which provide safeguards aimed at assuring that the monies recovered by disabled parties are properly collected, preserved and expended only in a manner consistent with the best interests of such disabled parties.