■ In the Matter of JOHN MORRIS, Also Known as JOHN F. MORRIS, Deceased. GRACE NWACHUKWU, Appellant; GERARD A. CABRERA, Respondent. [868 NYS2d 766]—

A guardian ad litem is entitled to reasonable compensation for services rendered in estate matters, as determined by the Surrogate (SCPA 405 [1]; *see Matter of McCann,* 236 AD2d 405 [1997]). The value of those services is governed by the factors applicable to the determination of the value of legal services (*see Matter of Jakobson,* 304 AD2d 579 [2003]; *Matter of Burk,* 6 AD2d 429, 430 [1958]). The relevant factors are the nature and extent of the services, the actual time spent, the necessity therefor, the nature of the issues involved, the professional standing of counsel, and the results achieved (*see Matter of Freeman,* 34 NY2d 1, 9 [1974]; *Matter of McCann,* 236 AD2d 405 [1997]; *Matter of Slade,* 99 AD2d 668 [1984]; *Matter of Potts,* 213 App Div 59 [1925], *affd* 241 NY 593 [1925]). Furthermore, the Surrogate is not obliged to accept at face value an attorney's summary of the hours expended (*see Matter of McCann,* 236 AD2d at 405; *Matter of Bobeck,* 196 AD2d 496, 498 [1993]).

Here, the appellant, an attorney who served as guardian ad litem for unknown distributees, claimed fees that totaled more than 15% of the total receipts of the estate in a case where the estate was small, uncomplicated, and routine (*see Matter of Bobeck,* 196 AD2d at 497-498). Furthermore, many of the services claimed by the appellant were for nonlegal work and the filing of amendments at the court's request (*see Alias v Olahannan,* 15 AD3d 424, 425 [2005]; *Matter of Bobeck,* 196 AD2d at 497; *Bolsinger v Bolsinger,* 144 AD2d 320, 321 [1988]). In addition, the size of the net estate operates as a limitation in fixing the full value of the services rendered (*see Matter of Kaufmann,* 26 AD2d 818 [1966], *affd* 23 NY2d 700 [1968]; *Matter of Mc-Cranor,* 176 AD2d 1026, 1027 [1991]; *Matter of Cook,* 102 Misc 2d 691, 696 [1980]). Accordingly, the Surrogate did not improvidently exercise his discretion in awarding the appellant a fee in the sum of only $415. Fisher, J.P., Lifson, Covello and Balkin, JJ., concur.