■ In the Matter of the Estate of RICHARD McNEIL, Deceased. JAMES H. CAHILL, SR., Nonparty Appellant; MARY McNEIL, Respondent. [903 NYS2d 914]—

In a proceeding for the administration of the estate of Richard McNeil, in which nonparty James H. Cahill, Sr., the guardian ad

litem of Raven Tiara McNeil, petitioned to settle the final account of the administrator of the estate, James H. Cahill, Sr., appeals, as limited by his brief, from so much of a decree of the Surrogate's Court, Kings County (Johnson, S.), dated November 19, 2008, as awarded him a fee in the sum of only $4,995 and, in effect, denied him an award of disbursements. By decision and order of this Court dated December 1, 2009, the matter was remitted to the Surrogate's Court, Kings County, to set forth the factors considered and the reasons for its determination with respect to the appellant's request for an award of a fee, and the appeal was held in abeyance in the interim (see Matter of McNeil, 68 AD3d 773 [2009]). The Surrogate's Court has filed its report.

Ordered that the decree is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the appellant a fee in the sum of $4,995, and substituting therefor a provision awarding the appellant a fee in the sum of $10,500; as so modified, the decree is affirmed insofar as appealed from, without costs or disbursements.

"A guardian ad litem is entitled to reasonable compensation for services rendered in estate matters, as determined by the Surrogate" (Matter of Morris, 57 AD3d 674, 675 [2008]; see Matter of McCann, 236 AD2d 405, 406 [1997]). "The value of those services is governed by the factors applicable to the determination of the value of legal services" (Matter of Morris, 57 AD3d at 675; see Matter of Jakobson, 304 AD2d 579 [2003]). Factors to be considered include the nature and extent of the services, the actual time spent, the necessity therefor, the nature of the issues involved, the professional standing of counsel, and the results achieved (see Matter of Freeman, 34 NY2d 1, 9 [1974]; Matter of Morris, 57 AD3d at 675; Matter of Potts, 213 App Div 59, 62 [1925], affd 241 NY 593 [1925]).

Under the circumstances of this case, the Surrogate's Court improvidently exercised its discretion in awarding the guardian ad litem a fee in the sum of only $4,995 (see Matter of Klein v Klein-Annis, 49 AD3d 648, 649 [2008]; Board of Mgrs. of Tivoli Garden Condominium v McCaffrey, 271 AD2d 467 [2000]; Dillon v Dean, 256 AD2d 436, 437 [1998]; see also Matter of Anne M.T., 64 AD3d 784, 785 [2009]; Matter of Mavis L., 285 AD2d 509, 510 [2001]). Accordingly, we modify the decree to the extent indicated.

However, the Surrogate's Court providently exercised its discretion in declining to award disbursements for photocopying, binding, and shipping costs (see Matter of Ellman, 7 AD3d 423, 424 [2004]; Matter of Duke, 297 AD2d 469, 470-471 [2002];

*Matter of Pectal*, 22 Misc 3d 1112[A], 2009 NY Slip Op 50098[U] [2009]; *Brown v State of New York*, 142 Misc 2d 129, 132 [1988]), and for the cost of DNA testing that was obtained without prior court approval (*cf. Matter of Baez*, NYLJ, Dec. 5, 2005, at 28, col 2). Fisher, J.P., Santucci, Dickerson, Chambers and Lott, JJ., concur.