Matter of SR (2019 NY Slip Op 01343)





Matter of Sr


2019 NY Slip Op 01343


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Richter, J.P., Manzanet-Daniels, Tom, Kahn, Singh, JJ.


8272 4673/08B 4673/08C

[*1]In re SR, etc.
 Susan Noack, et al., Objectants-Appellants,
v
Seymour Reitknecht, Fiduciary-Respondent.


Feldman, Golinski, Reedy & Ben-Zvi, PLLC, New York (Leslie H. Ben-Zvi of counsel), for appellants.
The Mintz Fraade Law Firm, P.C., New York (Alan P. Fraade of counsel), for respondent.



Order, Surrogate's Court, New York County (Rita S. Mella, S.), entered on or about April 11, 2017, which, to the extent appealed from as limited by the briefs, fixed legal fees at $520,000 and directed counsel to return the fees in excess thereof, unanimously modified, on the facts and in the exercise of discretion, to further reduce the fees awarded by the Surrogate to $420,000, and otherwise affirmed.
Respondent's counsel sought approval for legal fees in the amount of $1,037,183 for their representation of respondent. The amount requested represented 33.7% of the estate and trust assets. The Surrogate noted that the fees were far in excess of a typical fee for the services performed by respondent's counsel, concluded that the fees were excessive, and fixed the fees in the total amount of $520,000.
Although the Surrogate reduced the fees from the exorbitant amount originally requested, we conclude that the fees as reduced are still excessive given the size of the estate (see generally Matter of Morris, 57 AD3d 674 [2d Dept 2008]; Turano & Radigan, New York Estate Administration § 13.03 [2019 ed]). While there is no set formula for fee awards, upon our review of counsel's time records and in the exercise of discretion, we conclude that a further reduction in the amount of $100,000 is warranted. This additional reduction is necessary to properly account for excessive charges for inter-office communications and discussions amongst members of the firm, and unnecessary work performed (see Matter of Schoonheim, 158 AD2d 183 [1st Dept 1990]).
We reject objectants' argument that the fees should be reduced further because most of the fees attributable to the Supreme Court action were unnecessary. Objectants specifically argue that the action could have been settled at an earlier time for a modest amount. We agree with the Surrogate that "whether, when, and at what amount the case could have settled is wholly speculative." Moreover, objectants' contention that respondent should be held jointly and severally liable with counsel for the return of counsel's excessive legal fees is improperly raised for the first time on appeal (Zacharius v Kensington Publ. Corp., 167 AD3d 452 [1st Dept 2018).
We have considered objectants' remaining arguments, including the claim that counsel's fees should be further reduced by one third based on the of-counsel agreement between respondent and his counsel, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK