E.R. v F.C.T. (2025 NY Slip Op 50059(U))

[*1]

E.R. v F.C.T.

2025 NY Slip Op 50059(U)

Decided on January 22, 2025

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 22, 2025
Supreme Court, Westchester County

E.R., Plaintiff,

against
F.C.T., Defendant.

Index No. XXXXX

Plaintiff- Kenneth Novenstern, Esq., Fredman, Baken, Novenstern, LLP, 333 Westchester Avenue, Suite 302S, White Plains, New York 10604
Defendant- Bruce Minkoff, Esq., Robinowitz, Cohlan, Dubow & Doherty, LLP, 199 Main Street, White Plains, New York 10601
Guardian Ad Litem- Arlene Gold Wexler, Esq., 933 Mamaroneck Avenue, Suite 204, Mamaroneck, New York 10543

James L. Hyer, J.

An application was received by Arlene Gold Wexler, Esq., as Court appointed Guardian Ad Litem for Defendant for a fee award for services rendered as Guardian Ad Litem.
 Relevant Factual and Procedural History
On February 23, 2024, this matrimonial action was commenced with the filing of a Summons and Complaint (NYSCEF Doc. No. 1).
On April 1, 2024, Plaintiff filed a Request for Judicial Intervention (NYSCEF Doc. No. 3), after which on April 2, 2024, a Court Notice (NYSCEF Doc. No. 6) was issued directing a Preliminary Conference to be held on April 8, 2024, at 11:30 a.m., wherein all parties and counsel were directed to appear in person.
On April 17, 2024, a Decision and Order (NYSCEF Doc. Nos. 11 & 12) was entered wherein Defendant was determined to be in default; an Inquest was scheduled to be held on May 24, 2024, at 9:00 a.m.; pre-hearing disclosure was directed to be filed and served by May 10, 2024; and Defendant was directed to be served with the Decision and Order by April 19, 2024.
On May 24, 2024, the Inquest commenced, wherein appearances were made by Plaintiff and Plaintiff's counsel, after which an Order (NYSCEF Doc. No. 47) was entered directing the Inquest to resume on May 31, 2024, at 9:00 a.m.
On May 31, 2024, the Inquest continued after which an Order was entered (NYSCEF Doc. No. 50); which provided the following:
"On May 31, 2024, a continuation of an Inquest was held wherein appearances were made by Plaintiff and Plaintiff's counsel, and Defendant continued to be in default having not appeared in this action or requested an adjournment. Due to the testimony provided by Plaintiff asserting Defendant is suffering from mental health issues that have impacted his activities of daily living, the Court determined the need to declare a mistrial, restore this matter to the calendar and appoint a Guardian ad Litem for Defendant. Plaintiff's counsel made an application for Plaintiff to be awarded sole legal and physical custody of the parties' minor children being: (l) M.T. (DOB: XX/XX/XXXX); and (2) B.T. (DOB: XX/XX/XXXX) (hereinafter collectively referred to as the "Children").
Accordingly, it is hereby ORDERED that:
1. A mistrial is declared as to the Inquest that was held in this matter and this action is hereby restored to the Court calendar.
2. Plaintiff is hereby granted interim sole legal custody of the Children, having sole decision-making with respect to all issues pertaining to the Children, including but not limited to: (1) educational; (2) medical; and (3) general welfare.
3. Plaintiff is hereby granted interim sole physical custody of the Children, with Defendant having only supervised access as Plaintiff shall agree to which shall be supervised by either Plaintiff or Plaintiff s mother.
4. Pursuant to CPLR § 1202 the Court hereby appoints, on consent of Plaintiff, as Guardian Ad Litem for Defendant in this action, Arlene Gold Wexler, Esq., (hereinafter "Wexler") 933 Mamaroneck Avenue, Suite 204, Mamaroneck, New York 10543, Telephone: 914-835-1600, E-Mail: aewexler&commat;email.com, who shall complete and file the following annexed documents by June 5, 2024: (1) Consent to Appointment; and (2) Financial Disclosure Affidavit.
5. A Status Conference shall be held on June 12, 2024, at 9:00 a.m., at which time all parties, counsel and the Guardian Ad Litem must appear in person, at which time the Guardian Ad Litem will provide the Court an oral report as to if she believes that her appointment as Guardian Ad Litem for Defendant is necessary and should continue."
On June 3, 2024, Wexler filed a Guardian Ad Litem Consent to Appointment (NYSCEF Doc. No. 55), and Guardian Ad Litem Financial Affidavit (NYSCEF Doc. No. 56).
On June 12, 2024, a Conference was held wherein appearances were made by Plaintiff, Plaintiff's counsel, and Wexler. Also present were Plaintiff's mother, and Defendant's mother and father. The Court Transcript (NYSCEF Doc. No. 59) from this conference reflects that Wexler provided a report as to the actions she took upon being appointed as Guardian Ad Litem for Defendant providing the Court with vital information after which a Court Order (NYSCEF Doc. No. 57) was entered directing:
"On June 12, 2024, a Conference was held before the Hon. James L. Hyer, J.S.C., wherein appearances were made by Plaintiff, Plaintiff's counsel, Guardian Ad Litem for Defendant, Defendant's parents and Plaintiff's mother. Plaintiff's counsel expressed the position of Plaintiff that the commencement of a proceeding under Article 81 of the New York State Mental Hygiene Law pertaining to Defendant was necessary due to Plaintiff's belief that the Defendant is an incapacitated person. These concerns were reiterated by [*2]the Defendant's Guardian Ad Litem.
It is hereby ORDERED that:
1. This action is hereby stayed to permit Plaintiff to commence a proceeding under Article 81 of the New York State Mental Hygiene Law pertaining to Defendant.
2. Plaintiff's counsel shall file an update by July 31, 2024, with the exception of the appointment of the Guardian Ad Litem which shall continue.
3. Plaintiff's counsel shall order a copy of the Court transcript and submit same to be "So Ordered" by July 12, 2024."
On July 26, 2024, Plaintiff's counsel filed correspondence (NYSCEF Doc. No. 60), reporting Defendant had entered a rehabilitation program in order to address his circumstances, after which the Court entered an Order (NYSCEF Doc. No. 61) directing a Status Conference to be held on August 29, 2024, at 9:00 a.m., which was thereafter adjourned to October 17, 2024.
On October 17, 2024, a Preliminary Conference was held wherein appearances were made by Plaintiff, Plaintiff's counsel, Defendant, Defendant's counsel, and Wexler; after which a Preliminary Conference Order was entered (NYSCEF Doc. No. 67) directing "Guardian Ad Litem Arlene Wexler is relieved and shall have until 11/1/24 to submit an Affirmation of Services and Fee Request, and parties shall have until 11/15/24 to file responding submissions."
On November 1, 2024, Wexler filed an Affirmation of Services of Guardian Ad Litem (NYSCEF Doc. Nos. 70-71), requesting compensation for her services rendered as Guardian Ad Litem in the amount of $6,031.10 (hereinafter "GAL Requested Award"). Wexler included in this request an invoice outlining the services she provided, the time spent for each service, and the total requested for each service calculated utilizing an hourly billing rate of $400.00.
On November 1, 2024, Defendant filed an Answer with Counterclaims (NYSCEF Doc. No. 73).
On December 23, 2024, a Stipulation of Settlement resolving all of the issues arising out of the requested dissolution of the parties' marriage was so ordered (hereinafter "Stipulation of Settlement") (NYSCEF Doc. No. 78), after which a Court Order was entered directing submission of proposed divorce documents by January 31, 2025 (NYSCEF Doc. No. 79). The Stipulation of Settlement provides in Article 17 the parties gross incomes for 2023 as $379,845.14 for Plaintiff and $48,118.70 for Defendant, equating to the Plaintiff having 89% and Defendant having 11% of the parties' combined parental income. While Article 25 of the Stipulation of Settlement addresses legal fees of the parties, the document makes no reference to the manner within which Wexler is to be compensated for services rendered as Guardian Ad Litem for Defendant.
On January 9, 2025, Wexler filed a letter (NYSCEF Doc. No. 80) requesting a determination as to the GAL Requested Award.
On January 11, 2025, an Order (NYSCEF Doc. No. 81) was entered directing: (1) Answering submissions of the parties with respect to the GAL Requested Award shall be filed by January 17, 2025; and no reply submissions shall be accepted; and (2) Unless modified herein, all prior decisions and orders entered in this action shall remain in effect. While the Court previously provided the parties with a deadline to file such submissions, no filings were received, and the Court provided extended deadlines to afford the parties the opportunity to be heard with respect to the application. Despite the extension granted, no answering submissions were filed.

 Legal Analysis
Pursuant to New York State Civil Practice Law and Rules § 1204, "A court may allow a Guardian Ad Litem a reasonable compensation for his services to be paid in whole or part by any other party or from any recovery had on behalf of the person whom such guardian represents or from such person's other property. No order allowing compensation shall be made except on an affidavit of the guardian or his attorney showing the services rendered."
With respect to the compensation of a Guardian Ad Litem, the Appellate Division Second Department has noted:
"A Guardian Ad Litem need not be an attorney, and "[i]n fixing the fee, the dollar value for nonlegal work performed by an attorney who is appointed a Guardian Ad Litem pursuant to CPLR 1202 should not be enhanced just because an attorney does it" (Bolsinger v. Bolsinger, 144 AD2d 320, 321, 533 N.Y.S.2d 934). In determining reasonable compensation, the responsibility, time, and attention required, the result obtained, and the funds available to the person who must bear the cost of the Guardian Ad Litem must be considered."
(Alias v. Olahannan, 15 AD3d 424 [2d Dept 2005])
Here, Wexler was appointed as Guardian Ad Litem for Defendant following an Inquest being scheduled at the behest of Plaintiff, who then testified at Inquest that Defendant suffered from mental health issues that were significant enough to impact his activities of daily living. The Court found this testimony of great concern, in part due to Plaintiff being a licensed medical professional in the State of New York thereby having an enhanced knowledge of mental health issues. On consent of Plaintiff, this Court declared a mistrial and thereafter appointed Wexler as Guardian Ad Litem for Defendant. There is no question that Wexler's involvement was of great assistance to both the Court and the parties who ultimately reached a global resolution in this matter.
This Court recognizes that a Guardian Ad Litem appointed within the State of New York is not required to be an attorney. However, in this instance the Guardian Ad Litem is an attorney who was selected by the Court in part due to her knowledge of matrimonial matters that would permit her to carry out her duties as set forth in the Order wherein she was appointed. Accordingly, the Court will calculate the commission due the Guardian Ad Litem utilizing the well-settled principles utilized by the courts in evaluating attorneys' fees.
The Appellate Division First Department has provided a clear summary of the principles to be applied by a trial court in evaluating the reasonableness of attorneys' fees:
"Contrary to appellant's contention, the law in New York relating to attorney's fees in this area is clear. The principles enunciated in Matter of Potts (supra) are applicable to conservatorships and other attorney fee matters involving the discretion of the court, not only Surrogate Court matters. The Fourth Department, there, said in part:
In general the court, in determining the justice and reasonableness of an attorney's claim for services, should consider the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained [citations omitted] (Matter of Potts, supra, 213 App.Div. at 62, 209 N.Y.S. 655).
**515 The Court of Appeals has restated the factors as follows:
Long tradition and just about a universal one in American practice is for the fixation of [*3]lawyers' fees to be determined on the following factors: time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; the lawyer's experience, ability and reputation; the amount involved and benefit resulting to the client from the services; the customary fee charged by the Bar for similar services; the contingency or certainty of compensation; the results obtained; and the responsibility involved [citations omitted]. (Matter of Freeman, 34 NY2d 1, 9, 355 N.Y.S.2d 336, 311 N.E.2d 480.)"
(Matter of Karp, 145 AD2d 208 [1st Dept 1989]).
Based upon the submissions made to this Court, it is determined that the GAL Requested Award is reasonable and that the fee awarded to Wexler as the Guardian Ad Litem shall be $6,031.10. The Court makes this determination after having considered the reasonableness of the GAL Requested Award, the time spent by the Guardian Ad Litem during her appointment, the difficulties involved in the matters in which the services were rendered by the Guardian Ad Litem, the nature of the services provided by the Guardian Ad Litem, the professional standing of the Guardian Ad Litem, and the results obtained by the Guardian Ad Litem.
The Court must then turn to the party who should be held responsible for the fee of the Guardian Ad Litem. The Court determines that both parties benefited from the appointment of Wexler as Guardian Ad Litem for Defendant and that it is reasonable for both to share in the payment of the fee awarded to Wexler in proportion to their percentage of the combined parental income with Plaintiff's payment of $5,367.68, and Defendant's payment of $663.42.
Accordingly, it is hereby:
ORDERED that the application of Arlene Gold Wexler, Esq., is hereby granted to the extent that she is awarded a fee for services rendered in this action as Guardian Ad Litem for Defendant the sum of $6,031.10, to be paid by February 15, 2025, in the following manner: (1) Plaintiff's payment of $5,367.68; and Defendant's payment of $663.42; and it is further
ORDERED that to the extent either party fails to make payment timely, Arlene Gold Wexler, Esq., shall have leave of the Court to submit, on notice of settlement to counsel for the parties, a proposed Money Judgment for the amount then due; and it is further
ORDERED that by January 31, 2025, Arlene Gold Wexler, Esq., shall serve a copy of this Decision and Order with Notice of Entry, and shall file by that date proof of service of same; and it is further
ORDERED that to the extent not granted herein, any additional relief requested is hereby denied.
The foregoing constitutes the Decision and Order of the Court.
Dated: January 22, 2025
White Plains, New York
ENTER:
Hon. James L. Hyer, J.S.C.